[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 167 
The plaintiff's declaration contains three counts. In the first, he in substance alleges that by a certain act of the legislature therein referred to, the defendants were authorized to take possession of the said bridge; that they did take possession of it; that it was then in good order so that it might be crossed and recrossed with safety; whereupon it became and was the duty of the defendants to construct the said bridge so that the same should be in no worse condition than it was at the time they commenced altering the said bridge; and that it then and there became and was the duty of the defendants so to construct the said bridge, that the same might be crossed and recrossed to and from the said pier, with safety and security and without danger. In the second count it is alleged in substance that the defendants were authorized to take possession of the said bridge, and were by the said act required to widen and construct the draw in the said bridge; that they did take possession of the said bridge; whereupon it became and was their duty so to widen and construct the said draw of the said bridge, that the same might with safety and security be crossed and recrossed to and from the said pier. In the third count it is in substance alleged, that the defendants were authorized and directed to alter and enlarge the draw of the said bridge; that it thereby became their duty to do the same so that it could with safety be crossed and recrossed. The defendants are, in each count, charged with having done the work, but that they did it in such a careless, negligent and improper manner, that the bridge fell,c. The defendants pleaded not guilty, and the burthen of proving all the material facts alleged in the declaration, rested on the plaintiff. What was the plaintiff bound to prove? In order to show a right to recover under his first count, he was bound to prove that it was *Page 168 
the duty of the defendants so to construct the said bridge that the same should be in no worse condition than it was at the time they commenced altering the same; or, that it was their duty so to construct the said bridge, that the same might be crossed and recrossed with safety; that the defendants did so construct it, that the same was in a worse state and condition than it was when the alteration made by them was commenced, or that it was in such a state that it could not be crossed and recrossed with safety and security; and that owing to the negligent and careless manner in which the work was done, the bridge fell when the plaintiff was crossing it and thereby sustained the injury of which he complains. To entitle himself to recover under the second count, he was bound to prove, that the defendants were authorized to take possession of the said bridge; that they were required by the said act referred to in the first count, to widen and construct the draw in the said bridge; that they did take possession of the said bridge and proceeded so to widen and construct the draw of the said bridge, that the same might with safety be crossed and recrossed; but that regardless of theirduty, they widened and constructed the draw of the said bridge in so negligent a manner that the said draw fell, and the plaintiff was thereby injured. And to recover under the third count, the plaintiff was bound to prove that the defendants wereauthorized and directed to alter and enlarge the draw in the said bridge; that it thereby became their duty to do the same so that it could with safety be crossed and recrossed; that they did alter and enlarge the said draw, but they neglected their duty and did not alter and enlarge the same so that it could be crossed and recrossed with safety, but did do it in such a negligent manner that the bridge fell, c.
After the plaintiff closed his evidence, the counsel for the defendants moved for a nonsuit for the reasons stated in the bill of exceptions. The motion was denied, and the defendants' counsel excepted. The judge in his charge to the jury stated to them, that "if they believed that the fall of the bridge was owing exclusively to the negligent and improper manner in which it was constructed by the defendants, that then the plaintiff was entitled to recover." To this part of the charge the *Page 169 
counsel for the defendants excepted. The second and third exceptions may be considered together; as the part of the charge therein excepted to, and the refusal to nonsuit the plaintiff, both rest on the assumption that nothing more was necessary to entitle the plaintiff to recover, than that the defendants paid for building the bridge, and that its fall was owing exclusively to the negligent and improper manner in which it was constructed. And the supreme court in its opinion, say, "So far as this action is concerned, it is enough that the bridge was built by the defendants." If this be the law as applicable to this case, then it would have been enough for the plaintiff to have alleged in his declaration, that the defendants built the bridge, and in such a negligent and improper manner, that it fell while the plaintiff was on it, whereby he was seriously injured. And if the statement and proof of those facts would have entitled him to a verdict against the defendants, then he might have recovered against William W. Van Zandt, who, as appears from the error book, did in fact build the bridge, and who, if any one, was guilty of culpable negligence in the construction of it. But the pleader who drew the declaration in this cause did not so understand the law. He supposed that it was necessary to show that it became and was their duty to construct the bridge so that it should be in no worse condition than it was when they commenced altering it; that they were, by a certain act of the legislature, required to widen and construct the draw in the said bridge, and that it became and was their duty so to widen and construct the draw of the bridge, that it could be crossed with safety; that the defendants were authorized and required
to alter and enlarge the draw of the bridge.
The rule seems to be well settled, that to charge a person in an action on the case for negligence in the performance of any public work, whereby any person has sustained any special damage, "the law must have imposed a duty on him so as to make that neglect culpable." (Esp. N.P. tit. Trespass on the Case, 365.) And if the bridge in question was a public bridge, the reason why the plaintiff could not sustain an action against William W. Van Zandt, for having built it in a negligent and *Page 170 
improper manner is, that he could not allege and prove that it was Mr. Van Zandt's duty to build it. "No man can be compelled to build or contribute to the charges of building any new bridge, without an act of parliament." (1 Bac. Ab. tit. Bridges, 330. 2Inst. 701.) If this be true as to building a bridge, it must be equally true as to altering a bridge. In his first count, the plaintiff has alleged that it was the duty of the defendants to construct the bridge. In the second count, that it was their duty to widen and construct the draw of the said bridge. And in the third count it is alleged that they wereauthorized and directed to alter and enlarge the draw of the bridge. It could not have been the duty of the defendants to construct the bridge, nor to widen and construct the draw of the bridge, nor would they have been authorized and directed to alter and enlarge the draw of the bridge, by any thing other than an act of the legislature. The common law imposed no such duty
on them, nor did it so direct them. And can it be, that they are liable to the plaintiff, simply because they contracted and paid for building a bridge that was negligently built and fell when the plaintiff was on it? Suppose a traveller on a public road comes to a narrow and deep stream which he cannot cross without a bridge; and he immediately goes to work and makes a bridge over which he with his horse and wagon passes; and shortly after, another traveller attempts to pass over with a span of horses and wagon; but unfortunately the bridge breaks down and both his horses are drowned. Has he a remedy against the man who built the bridge? Why not? Because the law had imposed on him no duty to build it. And so I apprehend the law to be in relation to the defendants. If the law had imposed upon them no obligation to construct the bridge, or to widen and enlarge the draw therein, they must be regarded as mere volunteers and in no way responsible to the plaintiff for what they did or for what they neglected to do.
In an action on the case, all material averments in the declaration are put in issue by the plea. (Chit. on Pl. 372,ed. 1809.) Every averment is material unless it may be struck out as surplusage, and what cannot be so struck out must be proved. Can any averment in this case, made to show that it *Page 171 
was the duty of the defendants to construct the bridge and to widen and enlarge the draw in the bridge be struck out as surplusage and leave a good cause of action stated in the declaration? If not, then it becomes necessary to inquire whether the plaintiff has succeeded in proving that the defendants were bound to construct or alter the bridge in any way. Immediately before the motion for a nonsuit was made, it was admitted on the part of the plaintiff, that the act of the legislature referred to in the first count, was not passed by a two-thirds vote. That act had been declared void by the court for the correction of errors. And one ground upon which the motion for a nonsuit was made was, that all the counts in the declaration referred to that act for the duty imposed on the defendants to build the bridge. Was that allegation true? In the first count it is referred to by its title. In the second count it is referred to by the words "the said act," no other act having been previously referred to in the declaration. And in the third count, it is alleged that the defendants were "authorized and directed;" and the plaintiff gave no other act in evidence directing the defendants to do any thing in relation to the bridge. It may then be said that no other act is referred to in the declaration as imposing a duty on the defendants to build or alter the bridge, and as that is void no duty was imposed on them. The question whether it was the duty of the defendants to construct or alter the bridge was one of the most important questions in issue between the parties; and unless it could be answered in the affirmative, it is not readily perceived how the plaintiff could be entitled to recover.
Other acts of the legislature, and the third section of the defendant's charter, were read in evidence; but no clause or section in either can be found, which imposes on the defendants any duty to construct, to alter, or to keep the bridges over the basin in repair. The third section of the charter gave to the defendants the power, license and authority to make and repair all bridges in the city. This clause has never been understood as imposing any duty on the defendants to make or maintain a bridge over the Hudson river or any part of it. This charter was granted 137 years before the pier or Albany basin were *Page 172 
thought of, and cannot be so understood as to make it the duty of the defendants to construct or maintain one or more bridges over the basin. The act of April, 1823, authorizing the construction of a basin in the city of Albany was also read; but that act imposed no duty on the defendants; their consent to this act was required to give it effect. By the fourth section of that act, it was made the duty of the commissioners named in the first section, to build one or more bridges, when the canal commissioners should require. Thus the legislature with the consent of the defendants directed by whom said bridges should be built. It was suggested on the argument, that this act was void, because not passed by a two-third vote. But what necessity for a two-third vote? No corporation was thereby created, continued, altered or renewed. But were it admitted that the act of 1823 is unconstitutional and void, how will that aid the plaintiff? In that case, no person or corporation has ever had the right to build or maintain a bridge over the basin, if it be regarded as a part of the Hudson river; but if it be a part of the Erie canal, then no bridge can be built over it, except with the consent of a canal commissioner or superintendent of repairs. (1 R.S. 240, §§ 191, 192.) An act passed on the 13th of April, 1826, and another passed on the 12th of April, 1842, relating to the city of Albany, were read for the purpose of showing that the common council of the city are commissioners of highways, in and for the city; but no commissioners of highways between Buffalo and the south end of the basin, have a right, without the consent of a canal commissioner or a superintendent of repairs, or without the authority of an act of the legislature, to build a bridge over the canal. It may therefore be affirmed, that there is not and never has been any law which made it the duty or ever gave the defendants authority to make or alter a bridge over the basin; and if so, then the motion for a nonsuit must have been denied, upon the ground stated in the charge to the jury; that "if the fall of the bridge was owing exclusively to the negligent and improper manner in which it was constructed by the defendants, the plaintiff was entitled to recover." I can find no adjudged case, nor any rule in an elementary work, recognizing so broad a ground of liability. I *Page 173 
have found no case in which a person has been held liable for negligence in the performance of any work, unless his negligence was in violation of a contract, express or implied, or of aduty which was imposed on him by law. In the case of TheMayor, c. of the city of New-York v. Furze, (3 Hill, 612,)the plaintiffs in error were held liable, because they neglected a duty imposed on them by law. "In case of Hundy v.The Mayor Burgess of Lyme Regis, (5 Bing. 91; 3 Barn Adolph. 77; 1 Bing. N.C. 222, S.C. in error,) Park, J. who delivered the opinion of the judges, after stating the case, observed that in order to make the declaration good, it must appear, first, that the corporation were under a legal obligation to repair the place in question; secondly, that such obligation was matter of so general and public concern, that an indictment would lie against the corporation for non-repair; thirdly, that the place in question was out of repair; and lastly, that the plaintiff had sustained some particular damage beyond the rest of the king's subjects by the omission to repair." In the case under consideration, the plaintiff did not show that the defendants were under any legal obligation to build or alter the bridge over the basin. Had they refused to alter or build the bridge, they could not have been indicted as having neglected a public duty. I am therefore of opinion that the judgment of the supreme court ought to be reversed.