(20 Misc. Rep. 651.)

### MILLS v. VILLAGE OF EAST SYRACUSE.

(Supreme Court, Special Term, Onondaga County. July, 1897.)

VILLAGE TRUSTEES—POWERS—AWARDS.
    The trustees of a village have not the power by waiving the unconstitutionality of Laws 1870, c. 291, Laws 1878, c. 59, and Laws 1893, c. 694, providing for the making of an award, to make the village liable on an award made pursuant thereto, which is not enforceable against the other party to it.

Action by Henry H. Mills against the village of East Syracuse. On demurrer to the complaint.    Sustained.

C. L. Stone, for demurrer.
L, L. Waters and Frank Z. Wilcox, opposed.

HISCOCK, J.    The action is brought to recover the sum of $800 and interest as the amount of an alleged award made in favor of plaintiff as compensation for certain of his lands to be taken in the course of proceedings instituted by the trustees of defendant to open or continue a street within its limits.    The proceedings leading up to the award in question are set forth quite fully in the complaint, and a great many defects and irregularities in them are urged in support of the demurrer.    Inasmuch as I have concluded that one of these invalidates the entire proceeding, and leads to a decision against the sufficiency of plaintiff's complaint, I shall limit my consideration to it.    It was undisputed upon the argument, as it would also seem

to sufficiently appear from the face of the complaint, that the proceedings in question were based upon the general act of 1870, as amended, for the incorporation and government of villages. The award sued upon was made by a jury of six, selected as in said act provided. It is settled that the act providing for such a jury and award is unconstitutional and void. People v. Village of Haverstraw, 151 N. Y. 75, 45 N. E. 384. The award was void, and plaintiff's land could not have been, and, so far as appears, was not, taken under the proceedings resulting in it. The only question is whether the defendant can raise the objection. The ordinary rule, of course, is that a person cannot plead his own wrong; that a party seeking to take advantage of a statute or remedy will be held to have waived any defects therein. This rule, however, implies that, where the parties sought to be charged with its consequences are acting in a representative capacity, they shall have the power to waive the defect. The parties who conducted the proceedings in question were the trustees of the village of East Syracuse. The party sought to be charged with the result of the proceeding is the village itself. The proceedings were utterly void for the reasons stated. The trustees, in my opinion, did not have the power to so waive the invalidity as to bind the defendant by them, and make it liable upon an award which could not be enforced against the other party to it. Cuyler v. Village of Rochester, 12 Wend. 165; Mayor, etc., v. Cunliff, 2 N. Y. 165. A formal decision and judgment, therefore, may be prepared and entered sustaining the demurrer, with costs, but giving the plaintiff the ordinary right to serve an amended complaint in case he desires to so do upon payment of $20 costs.

Ordered accordingly.