BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 6 OF THE TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, STATE OF NEW YORK, Appellant, v. THE TOWN OF NORTH HEMPSTEAD, Defendant, and ABRAHAM LEVITT, WILLIAM J. LEVITT and ALFRED LEVITT, Copartners Doing Business under the Name and Style of LEVITT & SONS and STRATHMORE-AT-MANHASSET, INCORPORATED, Respondents.— Action to abate a nuisance and to enjoin trespassing upon the lands of the plaintiff as a consequence of the construction by the individual defendants and Strathmore-at-Manhasset, Inc., of a drainage system, the waters from which pass through a duct or conduit constructed and controlled by the State of New York and are thus cast upon the lands of the plaintiff School District. Order

granting defendants' motion for judgment on the pleadings and dismissing the complaint, and judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. Assuming that the respondents created a nuisance from which the plaintiff suffers, the responsibility therefor does not rest upon them because they are no longer in possession and control of the drainage system, having dedicated the streets containing it to the Town of North Hempstead. The dedication carried with it no warranties or any inference that the drainage system was to be continued in any particular form. The respondents are, therefore, not liable for the continuance of the alleged nuisance. (*Blunt* v. *Aiken*, 15 Wend. 522.) In *Waggoner* v. *Jermaine* (3 Den. 306) there was a warranty, which distinction is pointed out in *Mayor, etc., of Albany* v. *Cunliff* (2 N. Y. 165, 181). Moreover the complaint herein indicates that the immediate instrumentality which casts the waters upon the plaintiff's land was constructed and is controlled by the State of New York which may preclude liability being cast upon these respondents. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.