LOREAN PHARM et al., Respondents, *v.* ROSE LITUCHY et al., Defendants, and EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant.

Argued April 15, 1940; decided May 28, 1940.

*Ralph H. Terhune* and *E. C. Sherwood* for appellant. The grantor of property, in the absence of fraud, is not liable

for injuries sustained by persons thereon because of defective conditions existing at the time of transfer. (*Appel* v. *Muller*, 262 N. Y. 278; *Potter* v. *N. Y., O. & W. Ry. Co.*, 261 N. Y. 489; *Kilmer* v. *White*, 254 N. Y. 64; *Wilks* v. *N. Y. Tel. Co.*, 243 N. Y. 351; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Palmore* v. *Morris, T. & Co.*, 182 Penn. St. 82; *Smith* v. *Tucker*, 151 Tenn. 347; *Releg* v. *Vermillion Boat Co.*, 181 Minn. 92; *Stone* v. *Hegman Bros.*, 124 Cal. App. 777; *Cullings* v. *Goetz*, 256 N. Y. 287; *Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323.) The Multiple Dwelling Law (Cons. Laws, ch. 61-a) does not govern the liability of the appellant. (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127; *Dean* v. *Metropolitan Elevated Ry. Co.*, 119 N. Y. 540; *Glennie* v. *Falls Equipment Co.*, 238 App. Div. 7; *Liddell* v. *Novak*, 246 App. Div. 848; *Matter of O'Donnell*, 240 N. Y. 99; *Comstock* v. *Wilson*, 257 N. Y. 231; *Kushes* v. *Ginsberg*, 99 App. Div. 417; 188 N. Y. 630; *Hirsch* v. *Radt*, 228 N. Y. 100; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Wilks* v. *New York Tel. Co.*, 243 N. Y. 351; *Zolezzi* v. *Bruce-Brown*, 243 N. Y. 490; *Campbell* v. *Holding Co.*, 251 N. Y. 446; *Sacks* v. *Sunset Hill Realty Corp.*, 250 App. Div. 778; 276 N. Y. 668.)

*Samuel T. Baker* and *Bert Harmon* for respondents. Appellant was properly held liable in negligence. (*Wiener* v. *Leroco Realty Corp.*, 279 N. Y. 127; *Altz* v. *Leiberson*, 233 N. Y. 16; *Tenement House Dept.* v. *Weil*, 76 Misc. Rep. 273; *Morris* v. *New York City*, 146 Misc. Rep. 36; *Kilmer* v. *White*, 254 N. Y. 64; *Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Jaffe* v. *Harteau*, 56 N. Y. 398; *Ahearn* v. *Steele*, 115 N. Y. 203.) Appellant was also liable upon the theory of nuisance. (*Ahearn* v. *Steele*, 115 N. Y. 203; *Conhocton Stone Road* v. *Buffalo, New York & Erie R. R. Co.*, 51 N. Y. 573.)

SEARS, J. The defendant-appellant is the former owner of a multiple dwelling in the city of New York. On March 18, 1938, it conveyed the premises. The plaintiffs were

tenants of an apartment in the multiple dwelling. On March 14, 1938, the ceiling of a room in plaintiffs' apartment was in a dangerous condition and notice of the condition was given to the agent of the defendant-appellant, who promised to repair. When defendant-appellant conveyed the premises it did not notify the grantee of the dangerous condition of the ceiling in plaintiffs' apartment. On March 19th the ceiling fell and injured the plaintiff Lorean Pharm, and for the damages resulting from the injuries, plaintiffs have recovered a judgment against the defendant-appellant.

Under the provisions of the Multiple Dwelling Law (Cons. Laws, ch. 61-a; L. 1929, ch. 713, as amd.) the owner of a multiple dwelling is liable for damages resulting from failure to keep the dwelling in good repair. (*Weiner* v. *Leroco Realty Corp.*, 279 N. Y. 127; Multiple Dwelling Law, § 78.) At common law it is the general rule that an owner of land ceases to be liable in negligence for its condition when the premises pass out of his control before injury results. (*Kilmer* v. *White*, 254 N. Y. 64; *Cullings* v. *Goetz*, 256 N. Y. 287; *Kushes* v. *Ginsberg*, 188 N. Y. 630, affg. 99 App. Div. 417.) However, at common law there are exceptions and one of these is where a nuisance exists on the premises. The Multiple Dwelling Law has broadened the concept of nuisance. The act provides, in subdivision 30 of section 4: " Whatever is dangerous to human life or detrimental to health, and whatever dwelling is overcrowded with occupants * * * are also severally, in contemplation of this law, nuisances."

The jury has found that the ceiling was in a dangerous condition. The law makes this a nuisance, and liability of the owner in such case persists beyond conveyance at least until the new owner has had reasonable opportunity to discover the condition on prompt inspection and to make necessary repairs. So far, liability must extend, and that includes this case. We need not determine its limits more precisely. Nor, in view of what we have said, need we now consider the application of another exception to the general rule of liability of a landlord ceasing with conveyance,

namely, when the landlord in making the transfer is guilty of conscious deception by concealing or failing to disclose a known dangerous condition. (*Kilmer* v. *White, supra.*)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment affirmed.