ELIZABETH WENZEL, an Infant, etc., and Another, Plaintiffs, *v.* OLIVE DUNCAN, DANIEL DUNN and INCORPORATED VILLAGE OF FREEPORT, Defendants.*

Supreme Court, Nassau County, December 6, 1940.

*Rathkopf & Rathkopf*, for the plaintiffs.

*Samuel M. Levy*, for the defendant Incorporated Village of Freeport.

FROESSEL, J. Motion by defendant Incorporated Village of Freeport to dismiss, as to it, plaintiffs' complaint for legal insufficiency. The infant plaintiff sues for personal injuries claimed to have been sustained by her while a passenger in the automobile of the individual defendants on December 3, 1939, when said automobile collided with a traffic stanchion located on Sunrise

* Affd., 261 App. Div. 1003.

highway, in the village of Freeport; the adult plaintiff, her father, sues for loss of services.

In the first and third causes of action, plaintiffs charge the individual defendants with negligence in the operation of said automobile. In the second and fourth causes of action, which are challenged by this motion, plaintiffs charge the defendant village with the construction of said traffic stanchion, on a State highway, in such manner as to constitute a dangerous menace to traffic and a public nuisance. For the purpose of its present application, the defendant village constructively admits these allegations.

The grounds urged by the defendant village for the dismissal of the complaint as to it are twofold: (1) That on the date of the accident in question said defendant " did not own and no longer had control over the operation and maintenance of the traffic light stanchion," by virtue of article 7 of the Vehicle and Traffic Law, which became effective on September 1, 1936, and (2) that by reason of said enactment, and in the absence of any rule or regulation by the State Traffic Commission, correspondence in connection with which is annexed to its brief, the stanchion must be deemed a lawful structure erected by the village in the exercise of a governmental function.

The second contention cannot be sustained on an application of this character. The complaint alone may be examined, and the correspondence relating to the rules and regulations must be disregarded. (Rules Civ. Prac. rule 106.) Moreover, upon the facts pleaded in the complaint, it cannot be said as a matter of law that the doctrine of immunity from liability, by reason of the discharge of a governmental function, applies. (*Murphy* v. *Incorporated Village of Farmingdale*, 252 App. Div. 327; motion for leave to appeal denied, 276 N. Y. 690.) With respect to the first contention, I am likewise of the opinion that as a matter of mere pleading the complaint sufficiently states a cause of action against the village. At common law it is the general rule that an owner of land ceases to be liable *in negligence* for its condition when the premises pass out of his control before injury results. (*Pharm* v. *Lituchy*, 283 N. Y. 130, 132; *Kilmer* v. *White*, 254 id. 64, 69; *Cullings* v. *Goetz*, 256 id. 287; *Kushes* v. *Ginsberg*, 188 id. 630, affg. 99 App. Div. 417.) This is not the general rule in the case of a nuisance. (*Pharm* v. *Lituchy, supra; Wilks* v. *New York Telephone Co.*, 243 N. Y. 351, 357; *Wilks* v. *Federal Tel. & Tel. Co.*, 248 id. 618; *Ahern* v. *Steele*, 115 id. 203, 209; *Timlin* v. *Standard Oil Co.*, 126 id. 514; *Hine* v. *Aird-Don Co.*, 232 App. Div. 359; *Winston* v. *Prudential Ins. Co.*, 250 id. 764; *Cumberland Tel. & Tel. Co., Inc.,* v. *Lawrence*, 271 Fed. 89.) I am not unmindful

of the cases which hold that where one who has created a nuisance on his private premises, and then parts with control thereof under circumstances from which the inference may not be drawn that he authorized its continuance or profited therefrom, responsibility may cease. Illustrative of these cases is *Kilmer* v. *White* (*supra*); *Zolezzi* v. *Bruce-Brown* (243 N. Y. 490, 498); *Board of Education* v. *Town of North Hempstead* (15 N. Y. Supp. [2d] 752; affd., 259 App. Div. 733); *Waggoner* v. *Germaine* (3 Den. 306); *Blunt* v. *Aikin* (15 Wend. 522). In the case at bar, however, it is constructively admitted that the defendant village erected *a public nuisance on a public highway*, a State road not owned by it, and constituting a dangerous menace to traffic. (*Stern* v. *International Ry. Co.*, 220 N. Y. 284, and cases therein cited.) Under these circumstances, it cannot be said, upon the complaint before me, that as a matter of law its responsibility ceased merely because of the provisions of chapter 910 of the Laws of 1936, as amended by chapter 370 of the Laws of 1938 (Vehicle and Traffic Law, art. 7, § 95-a), which merely granted to the State Traffic Commission regulatory power:

" Traffic control signal lights. The State Traffic Commission shall have the power and it shall be its duty to *regulate* the type, location, erection, maintenance and removal of all traffic control lights on or along any State highway maintained by the State, and every such light shall hereafter be *maintained at the expense* of the State  *  *  *." (Italics mine.)

It does not clearly appear, as urged by defendant, that the village has lost the power to remove the structure. The regulations of the Commission (§ 95-h) may not be inquired into upon this application. In any event, the nuisance could have been removed with the consent of the Commission (§ 95-f). As a matter of pleading, therefore, I conclude that the complaint states a sufficient cause of action against the defendant village.

Accordingly, the motion of the defendant village is denied, with leave to the said defendant to answer within ten days after service of a copy of the order to be entered hereon.