MURICO REBESCHI, Respondent, v. RUTH REBESCHI, Appellant.— Appeal by defendant in a divorce action from an order denying her motion to punish plaintiff for contempt. Order affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

EMMA CROOKS SMITH, Respondent, v. WILLIAM ALOYSIUS SMITH, Appellant.— Action by the appellant's divorced wife to recover for support and maintenance furnished to the infant son of the parties. Judgment of divorce was granted in the State of New Jersey in favor of the husband, upon the wife's misconduct, and the decree contained a provision for the support of the child, in the custody of the wife. Judgment in favor of plaintiff reversed on the law and the facts, with costs, and judgment dismissing the complaint on the merits directed in favor of defendant, with costs. Findings Nos. 22 to 28, inclusive, and Nos. 30 to 32, inclusive, reversed. Other findings approved. Conclusions of law Nos. 2 to 6, inclusive, and No. 8, reversed. Other conclusions approved. Defendant's proposed findings and conclusions of law, in so far as found and allowed, are approved. In addition, defendant's proposed findings Nos. 14 to 21, inclusive, are found; and defendant's proposed conclusions of law Nos. 5, 8, 10, 11 and 13 are approved and adopted. Under the facts in the case the failure to take steps to obtain reimbursement for support of the child for a period of more than seven years raises a strong presumption that the support was given voluntarily, without expectation of reimbursement from the father. In the opinion of the court that presumption is not overcome by the proof adduced on behalf of the plaintiff. Testimony given by way of deposition should be scanned with great care. The whole evidence requires a finding that the plaintiff did not furnish support for her child with expectation of reimbursement therefor from the appellant. The defenses which this court has heretofore held insufficient established the law of the case on this appeal. Lazansky, P. J., Carswell, Adel and Close, JJ., concur; Johnston, J., concurs but still adheres to the views expressed in his dissenting opinion in *Smith* v. *Smith* (255 App. Div. 652, 662). Settle order on notice.

SWIFT AND COMPANY, INC., Appellant, v. JAMES STEWART & COMPANY, INC., Respondent.— Action for declaratory judgment to determine the rights of the parties under an indemnity provision in a written agreement. Order denying plaintiff's motion for judgment on the pleadings and granting defendant's cross-motion to dismiss the complaint, and judgment entered pursuant thereto dismissing the complaint, unanimously affirmed, with ten dollars costs and disbursements. In the exercise of sound discretion an action for a declaratory judgment may not be entertained under the circumstances disclosed herein. The court will not by an advisory opinion pass upon an abstract question. We have, however, examined the merits and have concluded they require an affirmance. The indemnity provisions invoked by the plaintiff do not cover the subject-matter referred to in the complaint. These provisions may not be construed to require the defendant to indemnify the plaintiff against its own negligence. To effect such a result the intention to furnish such indemnity should be expressed in unequivocal terms. An expression in that form is not here present. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.