Wanda Walkowicz, as Administratrix, etc., of Jack Walkowicz, Deceased, Plaintiff, *v.* Whitney's, Inc., Jacob Sternberg, Raye-Namrof, Inc., Edward Z. Forman, Sylvia Forman Steiner, Maurice Forman and Frederick S. Forman, Defendants.

Supreme Court, Monroe County, April 11, 1942.

*Goodwin, Nixon, Hargrave, Middleton & Devans,* for the defendant Whitney's, Inc.

*Oviatt, Gilman, O'Brien & Forman*, for the defendants Raye-Namrof, Inc., Edward Z. Forman, Sylvia Forman Steiner, Maurice Forman and Frederick S. Forman.

VAN VOORHIS, J. The action is brought by the administratrix of Jack Walkowicz to recover damages for causing his death, which occurred May 21, 1941, by falling from the outside of a fourth-story window which he was engaged in cleaning in a building at the corner of Main and Cortland streets, in the city of Rochester, N. Y. The screw eyes attached to the window sill that were used for fastening his safety belt gave way. The defendants Forman and Steiner were the owners of the building at the time of the accident and had leased it to the defendant Raye-Namrof, Inc., which, in turn, had leased to the defendant Whitney's, Inc. The latter defendant was in exclusive possession at the time of the accident. Plaintiff's intestate was an invitee of defendant Whitney's, Inc. Plaintiff seeks to hold defendant Whitney's, Inc., and its manager, Jacob Sternberg, for violation of section 202 of the Labor Law and to hold them and the other defendants for common-law negligence and nuisance.

Defendants Forman, Steiner and Raye-Namrof, Inc. (herein-after sometimes referred to as the owner-lessors), in their answers have asked for judgment against defendant Whitney's, Inc., by way of recoupment of any damages which the plaintiff may succeed in recovering against them. Whitney's, Inc., now moves to strike out these cross-claims upon the theory that Raye-Namrof, Inc., Forman and Steiner could not be rendered liable in law by reason of any wrongful act or neglect on the part of Whitney's, Inc.; that they could only be held on account of some independent wrongful conduct of their own; and that, in such event, they would have no right to be indemnified against the consequences of their own wrongdoing (*Oceanic Steam Nav. Co. v. Co. T. E.*, 134 N. Y. 361), at least in the absence of the expression of such an intention in unequivocal terms in the indemnity clause in the lease. (*Thompson-Starrett Co. v. Otis Elev. Co.*, 271 N. Y. 36, 41; *Swift & Co., Inc., v. Stewart & Co., Inc.*, 261 App. Div. 930.) The position is that the owner-lessors cannot be held liable to the plaintiff except upon a theory which would preclude them from making Whitney's, Inc., pay the entire loss.

In deciding these motions it should be borne in mind that the purpose of section 264 of the Civil Practice Act, pursuant to which the cross-claims are made, is to avoid a multiplicity of suits and circuity of action (*Mirsky v. Seaich Realty Co.*, 256 App. Div. 658; *Birchall v. Clemons Realty Co., Inc.*, 241 id. 286; *Travlos v. Commercial Union of America, Inc.*, 217 id. 352, 359), and that unless

this purpose is to be defeated the cross-claims must be allowed to stand provided that there really may be an issue to be decided under them. Whether the owner-lessors can recover against Whitney's, Inc., any loss which they shall have paid to the plaintiff will depend upon complicated questions of fact and of law. It will depend upon the basis of fact and law which the plaintiff succeeds in establishing against them. On these motions Whitney's, Inc., takes the position that the facts on which plaintiff must rely are, of necessity, stated in the complaint, and that all that the court is called upon to do is to decide whether if the owner-lessors are held liable on the factual basis alleged in the complaint, a recovery over against Whitney's, Inc., will be justified as matter of law.

Actually the problem now before the court is less simple. This complaint, no doubt, contains " a plain and concise statement of the material facts " (Civ. Prac. Act, § 241) sufficient to sustain plaintiff's causes of action against the owner-lessors in negligence and nuisance. But negligence and nuisance are variable terms, and appear in many aspects where injury from defective real property is concerned so that the court is unable to classify what kind of nuisance or negligence is involved here until the evidence appears. The complaint is broad enough to include a number of varieties, but the law to be applied which will determine whether the owner-lessors can obtain recoupment will depend upon the particular type which is proven at the trial. Therefore, as in many nuisance and negligence actions, the idea that the complaint contains a plain and concise statement of all the material facts must be regarded partly as a fiction. This complaint is sufficient in law, but does not denote in advance of the trial the particular style of tort upon which the owner-lessors may be held liable. Moreover the law grows out of the facts, is affected by differences in the facts, and in cases of this kind the court should have the evidence before it before deciding the law to be applied. " Negligence " and " nuisance " are headings which have sub-headings; the headings, so to speak, are pleaded herein by appropriate statements of fact; but the sub-heads are not pleaded, are not required to be pleaded, and will not be disclosed except by the evidence. Whatever sub-headings are proven will determine whether recoupment in favor of the owner-lessors will be granted or denied. Therefore the questions raised by these motions cannot be decided on the pleadings; they must await the outcome of the trial.

In order to express tangibly what has been stated, it will be well to analyze more particularly the theories of liability presented by the complaint. The first two causes of action are against

Whitney's, Inc., the tenant, and its manager, alone. They are based, as has been stated, upon violation of section 202 of the Labor Law and rules adopted pursuant thereto, which require the use of safety devices for outside window cleaners. This statute does not render liable any owner of the real estate who is not in charge of the building (*Homin* v. *Cleveland & Whitehall Co.*, 281 N. Y. 484), and has no relation to the controversy between defendants except in so far as it creates or fortifies a duty on the part of the tenant to provide safe appliances for the work. The causes of action against the owner-lessors for negligence and nuisance are more complicated. They blend into each other. One charge against them is that they concealed from their tenant, Whitney's, Inc., a dangerous condition of the screw eyes and window that existed when the premises were rented. This contention is undoubtedly made to escape the effect of decisions holding that a landlord is not liable for his negligence in leaving a building in dangerous condition when it is let (*Jaffe* v. *Harteau*, 56 N. Y. 398; *Campbell* v. *Holding Co., Inc.*, 251 id. 446), to which rule there is an exception where such condition had been concealed from the tenant and was of such nature as not to be discovered by him in the exercise of reasonable care. (*Cesar* v. *Karutz*, 60 N. Y. 229; *Steefel* v. *Rothschild*, 179 id. 273; *Kilmer* v. *White*, 254 id. 64, 70, 71; Restatement, Torts, § 358.) It is unnecessary to examine the sufficiency of this particular theory of action against the owner-lessors for the purpose of the pending motions. If plaintiff should succeed on this basis, the owner-lessors could not recover over against Whitney's, Inc., in any event. They could not recover by reason of a deliberate deception against the party upon whom it had been practiced.

Considerations such as these may require dismissal of the cross-claims in the controversy between defendants upon the trial of the action, but it would be premature to dismiss them now. It is untrue, as contended on behalf of Whitney's, Inc., that the complaint leaves open no theory of liability on the part of the owner-lessors on which it could reasonably be contended that they would be entitled to obtain recoupment. Concealment of a dangerous condition from a tenant about to take possession, which has been discussed above, is not the only theory on which plaintiff relies. Recoupment could not be obtained on that, but the plaintiff may fail on that issue and succeed on others. Although it is true that a landlord is not generally liable to third parties for his negligence in permitting the existence of a dangerous condition at the time of letting, the rule is otherwise where the premises are rented for a public use. (*Junkerman* v. *Tilyou Realty Co.*, 213 N. Y. 404; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 id. 310.) It has been

stated also that the landlord is liable where a nuisance exists on the premises at the time of letting. (*Pharm* v. *Lituchy*, 283 N. Y. 130, 132.) Many decisions sustain that statement where the nuisance is public in character (the *Pharm* case was decided under a statute not applicable here), or where the owner has parted with possession of the premises under circumstances from which an inference is to be drawn that he authorized the continuance of the nuisance or profited therefrom. (*Zolezzi* v. *Bruce-Brown*, 243 N. Y. 490, 498; *Kilmer* v. *White*, 254 id. 64, 69.) Public implications may be involved in this case due to danger to pedestrians or vehicles in the street who might have been struck and injured by intestate's falling body. The complaint alleges that the window from which he fell was on the Cortland street side of the building. Nuisances are public in nature which endanger travelers on the public highway by falling objects. (*McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Stern* v. *International R. Co.*, 220 id. 284, 291; *Wenzel* v. *Duncan*, 175 Misc. 554, 556.) It is unnecessary to decide now whether it makes a difference that the injury was to the person falling rather than to someone in the street. It is enough that the outcome cannot be forecast with certainty now. The court cannot determine from the pleadings alone whether defendants Raye-Namrof, Inc., Forman and Steiner can be charged with notice when they allowed this building to pass from their control that it would be subjected to a use endangering the public, or whether it was devoted to such a use, or whether the condition of the instrumentality through which plaintiff's intestate met his death should be characterized as a public nuisance at the time of the letting. It is arguable, under the statement in the *Pharm* case (*supra*) and similar statements in other cases, that the same result might obtain if it were a private nuisance, even if the owner-lessors did not authorize or profit from its continuance. Liability for private nuisance extends to injury to the person, as well as to the lands, tenements and hereditaments of another. (*Swords* v. *Edgar*, 59 N. Y. 28, 34.) All of these theories, or aspects of the same theory, are within the four corners of the complaint; on all of them it is possible that the owner-lessors may be held liable, and in each instance it could reasonably be contended that recovery over against Whitney's, Inc., should be allowed if it violated some duty to repair the screw eyes and window ledge after it took possession and before the accident. Such a duty is alleged to have been imposed upon it by the statute. A similar duty may be said to have arisen from the exclusive possession of the building by the tenant and to have been provided for expressly by the terms of the lease. The owner-lessors could no longer enter

the premises to make repairs. Even if they be held liable for renting the property with a nuisance on it, they may have sought to abate the nuisance by imposing the duty to repair the window cleaning appliances on the tenant who alone had the right of access to the property. In such case it may be held that they are entitled to be recompensed for the liability which they may sustain by reason of the failure of the tenant to perform a duty which was to have been carried out by it after the owner-lessors surrendered control of the property. Such a holding would be the more reasonable in view of the fact that Whitney's, Inc., hired or contracted with the window washer, and made the arrangements which were the immediate cause of his death.

The indemnity clause in this lease is not the only basis on which recovery over could be allowed, as was pointed out in the somewhat similar case of *Mirsky* v. *Seaich Realty Co.* (*supra*) which distinguished *Thompson-Starrett Co.* v. *Otis Elev. Co.* (*supra*) on the ground that the tenant was under duty to repair by operation of law on account of his exclusive possession of the property, fortified, as in the case at bar, by an express covenant in the lease to similar effect. It is said that under such circumstances " the wrongdoer stands in the relation of indemnitor to the person who has been held legally liable " (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 217) by reason of " status " rather than " contract." (*Branch* v. *Town of Eastchester*, 258 App. Div. 727.)

Litigations have been fought over whether the party seeking to be indemnified is precluded by being *in pari delicto* with the alleged idemnitor as a joint tort feasor. In *Oceanic Steam Nav. Co.* v. *Co. T. E.* (*supra,* 465) the statement is made that " the general rule is that there may be a recovery had in such cases unless the parties concurred in the wrong which caused the damages." On the other hand, in *City of Brooklyn* v. *Brooklyn City R. R. Co.* (47 N. Y. 475, 487) it was said: " Where the parties are not equally criminal, the principal delinquent may be held responsible to a co-delinquent for damage paid by reason of the offence in which both were concerned in different degrees as perpetrators." In *Scott* v. *Curtis* (195 N. Y. 424) an owner was allowed recoupment against persons delivering coal at his house although he himself had permitted the cover of the coal hole through which the injured person fell to be removed from the sidewalk in front of his premises. A number of decisions involving window washers are more or less in point. (*Burris* v. *American Chicle Co.*, 120 F. [2d] 218; *Birchall* v. *Clemons Realty Co., Inc., supra; American Employers' Ins. Co.* v. *Brandt Masonry Corp.*, 252 App. Div. 506.) In them recoupment was allowed under varying circumstances. The case of

*Mirsky* v. *Seaich Realty Co.* (*supra*) definitely indicates the denial of these motions. The mandate of the statute alone, which was not binding on the owner-lessors, may be claimed to have imposed a superior duty on Whitney's, Inc., at whose instance the window washer was there. The last word from the Court of Appeals comes from *Dudar* v. *Milef Realty Corp.* (258 N. Y. 415, 422) wherein it is stated, after a review of the leading cases, that apart from an adequate indemnity agreement " the question of ultimate liability as between the two defendants might be debatable." That being the case, the defendant owner-lessors herein should not, as a result of the granting of these motions, be barred from the debate in advance of the establishment of the nature of the liability against them on which their right to recoupment will depend. The policy of the Civil Practice Act is to authorize and encourage the determination of the whole controversy between all parties in one suit. No prejudice to any party will result from doing that in this action.

It may be noted, also, that no decision could be made now on the nature of the action which would bind the plaintiff since the plaintiff is not a party to these motions.

In the foregoing no consideration has been given to whether, if violation of section 202 of the Labor Law is established on the part of Whitney's, Inc., that would render the plaintiff's intestate *ipso facto* guilty of contributory negligence or assumption of risk under the language of that section so as to defeat a recovery against the owner-lessors based, not upon this provision of the Labor Law, but upon principles of common-law negligence or nuisance made applicable by sections 130–134 of the Decedent Estate Law. (Cf. *Lowenhar* v. *Commercial Outfitting Co., Inc.*, 260 App. Div. 211; *Teller* v. *Prospect Heights Hospital*, 255 id. 488; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.)

The motions of defendant Whitney's, Inc., to strike out the cross-claims from the answers of defendants Raye Namrof, Inc., Forman and Steiner are denied, with ten dollars costs.