The accident, involving a fall on a then exposed *1062 hole seven inches in diameter and five feet deep, occurred on September 14,1947. Assuming negligence of said defendant in construction of the concrete covering over the foundation, it could not be held liable in the light of the acceptance by the City of New York of the work after its completion on January 23, 1947. (Coleman v. Guidone & Son, Inc., 192 App. Div. 120.) In any event the contract between said defendant and the City of New York, incident to which the work was performed, had expired as of June 30, 1947, and hence defendant had no supervisory power and was out of control and no longer liable at the time of the accident under the applicable general rule at common law. (Mayor of City of Albany v. Cunliff, 2 N. Y. 165; Cullings v. Goetz, 256 N. Y. 287, 290; Cunningham v. Gillespie Co., 241 Mass. 280; Board of Education, Town of North Hempstead v. Town of North Hempstead, 259 App. Div. 733.) This is not a ease which is within the exceptions to the foregoing well-settled rule, which are (a) where there was retention of a financial interest (Covert v. Cranford, 141 N. Y. 521, 527; Swords v. Edgar, 59 N. Y. 28, 35); (b) concealment of a defect (Kilmer v. White, 254 N. Y. 64, 70); or (c) lack of reasonable opportunity by a successor in control to discover the condition on prompt inspection (Pharm v. Lituehy, 283 N. Y. 130, 132). Findings of fact implicit in the jury’s verdict are affirmed. Nolan, P. J., Carswell, Adel, Sneed and MaeCrate, JJ., concur.