In the Matter of the Accounting of Howard I. Dohrman, as Successor Trustee under the Will of Haley Fiske, Deceased, Respondent. Helen F. Eastland et al., Appellants; Katherine F. Burrill et al., Respondents.— Decree, so far as appealed from, unanimously affirmed, with costs to all parties appearing herein and filing briefs, payable out of the estate. No opinion. Present — Glennon, J. P., Cohn, Van Voorhis, Shientag and Heffernan, JJ. [195 Misc. 1017.]

## (March 27, 1951.)

Fred L. Timberlake, as Guardian ad Litem of Scott Timberlake, an Infant, et al., Plaintiffs, v. M. A. Henry Co. Inc. et al., Defendants. William E. Roschen, as Sole General Partner of the Limited Partnership of E. F. Timme & Son, et al., Third-Party Plaintiffs-Appellants, v. Milton A. Henry, Third-Party Defendant-Respondent.

Judgment and order affirmed, with costs.

Van Voorhis and Shientag, JJ. (dissenting). It seems to us that a jury might find that the hazard to be anticipated was sufficiently great to hold these third-party plaintiffs liable to the injured plaintiff, regardless of whether the third-party defendant promised to the third-party plaintiffs to render the viscose rayon thread noninflammable before its use in the manufacture of the garment which burned the original plaintiff. In other words, it could be found by the jury that a promise by the third-party defendant would render it liable to the third-party plaintiffs, but would not be enough to exonerate the third-party plaintiffs from their duty to the original plaintiff to follow up what the third-party defendant did, to see to it that the thread actually was rendered noninflammable before fabrication and sale to the ultimate consumer. The order appealed from finally rejects all indemnification on the basis of the pleadings, and before the precise nature of the tort asserted against these parties by the injured plaintiff can be ascertained from the evidence to be given at the trial (see *Walkowicz* v. *Whitney's, Inc.,* 178 Misc. 331, 333).

We dissent and vote to reverse the order and judgment appealed from and to deny the motion by the third-party defendant to dismiss the third-party complaint.

Glennon, J. P., Cohn and Heffernan, JJ., concur in decision; Van Voorhis and Shientag, JJ., dissent and vote to reverse and deny the motion, in an opinion. Judgment and order affirmed, with costs. No opinion.