99 A.2d 248 (1953)
KEELEY et al.
v.
MANOR PARK APTS., SEC. 1, Inc. et al.
Court of Chancery of Delaware, New Castle.
August 5, 1953.
Joseph Donald Craven, Wilmington, for plaintiffs.
Frank J. Miller, Wilmington, for defendants Manor Park Apts., Sec. 1, Inc. and Manor Park Apts., Sec. 2, Inc.
Albert W. James (of Hering, Morris, James & Hitchens), Wilmington, for defendants Gordy & Son Co., Cedar Const. Co. and Manor Park Co.
Walter P. McEvilly and Clyde M. England, Jr. (of Killoran & Van Brunt), Wilmington, for defendants Anne S. Machson and Sylvia Eliasberg.
BRAMHALL, Vice Chancellor.
Plaintiffs, as owners of property adjoining Manor Park, Section B, New Castle Hundred, New Castle County, filed their complaint for injunctive relief to enjoin defendants from draining upon the land of plaintiffs the accumulation of surface and underground drainage water drained from the properties of defendants. Defendants *249 Machson and Eliasberg have filed a motion for summary judgment based upon the pleadings and supporting affidavits, alleging that they did not construct or aid in the construction of the streets, spillway and underground conduits, and were not legally responsible for any damage to plaintiffs arising therefrom. In order better to understand the basis of this motion certain pertinent facts will be referred to in detail.
Defendants Machson and Eliasberg became the owners of a tract of land containing approximately 210 acres, lying on the westerly side of the DuPont Boulevard and bounded on the north by lands of the Delaware State Hospital and on the south by the subdivision known as Wilmington Manor. Shortly thereafter Machson and Eliasberg conveyed to plaintiffs a portion of this tract, which adjoins the land of the Delaware State Hospital. Later Machson and Eliasberg conveyed to Jonathan Woodner Company approximately 21 acres of this tract, on which site Manor Park Apartments were subsequently erected. On March 1, 1950, defendants Machson and Eliasberg entered into an agreement, under the terms of which they granted to the Manor Park Apartments corporations a ten-foot wide storm drainage easement extending from a point at the intersection of Robinson Drive and McMullin Avenue along Robinson Drive in a general northerly direction to a point near the southeasterly corner of plaintiffs' land.
On June 1, 1950, defendants Machson and Eliasberg conveyed to Gordy & Son Company, Cedar Construction Company and Manor Park Company all the lands now comprising Manor Park, Section B, which lies to the north of McMullin Avenue between the aforesaid Manor Park Apartments tract and the land of plaintiffs. This tract adjoins the southerly, easterly and westerly sides of plaintiffs' land. Subsequently the plat of Manor Park, Section B, was approved by the Regional Planning Commission for New Castle County and duly recorded. In the certificate of ownership signed by the defendants Machson and Eliasberg it is certified that they as owners of the land dedicate the streets, lanes, and avenues shown thereon for the use of the general public and abutting property owners. It is further certified that Machson and Eliasberg will construct the streets in accordance with the grades as shown on the approved first plat. Subsequent thereto the lands in question were developed by Manor Park Company, Cedar Construction Company and other corporations for residential purposes. The concrete conduit was erected and a spillway leading from a low point in Robinson Drive across a portion of Manor Park, Section B, land to a point near the southeast corner of plaintiffs' land was also constructed, apparently under the direction of the State Highway Department of the State of Delaware.
Defendants Machson and Eliasberg aver that they were not the builders and developers of the land in question, the same having been developed by Manor Park Company, Cedar Construction Company, and Gordy & Son Company, or their successors in title. They say that they have no interest in the roads in said development other than the bare legal fee subject to the right of the traveling public to use the same. They state that they have not constructed, aided or abetted the construction of the streets, spillway or the concrete conduit.
Plaintiffs and the defendants other than Machson and Eliasberg contend that there is supporting evidence to prove that the concrete conduit was constructed upon the demand of Machson and Eliasberg as a consideration for the granting of the easement; that at the time the land was owned by and was under the control of Machson and Eliasberg; that they still own and control the lands containing the major portion of the conduit, subject to a dedication as a street for public use; that Machson and Eliasberg are still the owners of an undeveloped tract of land,  marked on the plat as "commercial",  and that waters from that land empty into the concrete conduit and drain, along with other waters flowing therein, to and upon the lands of plaintiffs.
*250 In order to determine defendants Machson and Eliasberg's motion I must consider whether or not there is involved in this case a genuine issue as to any material fact, and, if not, whether or not in the absence of any general issue defendants Machson and Eliasberg are entitled to prevail as a matter of law.
Defendants Machson and Eliasberg were the original owners and developers of the tract as a whole. In compliance with the requirements of the Federal Housing Administration they laid out streets and grades therefor. According to the contentions of the plaintiffs and other defendants, the concrete conduit was constructed on lands in the possession and control of defendants Machson and Eliasberg and was constructed by the contractor of Machson and Eliasberg according to their specifications, the construction of which was the moving consideration for the granting of the easement for the drainage of the land; Machson and Eliasberg retained an easement in that portion of the conduit and the land through which it passes, not a part of the bed of Robinson Drive, and continued to use the conduit for the drainage of certain of their land marked on the plat as "commercial".
One who erects a nuisance will sometimes be liable for its continuance after he has parted with the possession of the land, particularly where he conveys the property with covenants for the continuance of the nuisance or otherwise derives benefit therefrom. Wenzel v. Duncan, Sup., 32 N.Y.S.2d 223. See also cases cited in 39 Am.Jur., Nuisances, Sec. 34, n. 2.
All those who participate in the creation or maintenance of a nuisance are generally liable to third persons for injuries suffered therefrom. Duncan v. Flagler, 192 Okl. 18, 132 P.2d 939; Birmingham Waterworks Co. v. Martini, 2 Ala.App. 652, 56 So. 830.
Machson and Eliasberg dedicated the streets in the bed of which the major portion of the conduit is erected for the use of the general public and adjoining land owners. They still own the bed of the streets, subject to the rights of the general public and adjoining land owners to the use of those streets as public highways and also subject to the easement granted for the erection of the concrete conduit. The fee therefore remains in them. They specified the manner in which the streets were to be laid and the conduit constructed. Plaintiffs aver that Machson and Eliasberg authorized, permitted and condoned the construction of the roads, highways and drainage system and have aided, abetted and participated in the injuries complained of. There is no allegation, either in the complaint, or in any of the affidavits, averring the responsibility of the defendants to be based upon the manner in which the conduit is used or in which the surface water is drained on the surface of the streets to the spillway. Plaintiffs' grievance is based, in part, if not solely, upon their contention that they constitute a nuisance by reason of the manner in which they were constructed. This, say the plaintiffs, was in accordance with the plans and specifications of Machson and Eliasberg. It therefore becomes a question of material fact as to whether or not plaintiffs' damage was caused by Machson and Eliasberg, or whether or not they contributed to or participated in to a substantial degree the laying out of the streets or the laying out of the conduit, or both, to the damage of plaintiffs. The question, which is in dispute, as to whether or not they participated in or contributed to plaintiffs' damage, cannot under these circumstances be determined under the motion for summary judgment.
Defendants Machson and Eliasberg rely on the case of Board of Education, Union Free School District No. 6, of the Town of North Hempsted v. Town of North Hempsted, 259 App.Div. 733, 18 N.Y.S.2d 433. In that case plaintiff brought an action to abate a nuisance resulting from drainage waters cast upon its land. Certain of the defendants constructed a drainage system which passed water on through a conduit owned by the State of New York *251 and onto plaintiff's land. The court in dismissing the complaint on the ground that the defendants were no longer in possession and control of the drainage, having dedicated the streets containing it to the Town of North Hempsted, called attention to the fact that the dedication carried with it no warranties or any inference that the drainage system was to be continued in any particular form. According to the allegations now before the court in the present case, the Board of Education case is distinguishable from the present case in several important respects. As pointed out by the court in that case, there was no warranty or inference that the drainage system was to be continued in any particular form. Here the conduit and the streets were laid out by an engineer acting for Machson and Eliasberg and approved by the Federal Housing Administration and the Regional Planning Commission. According to the affidavit of Jonathan Woodner, the underground conduit was constructed by his company and at its expense, at the express demand and request of defendants Machson and Eliasberg and in accordance with their specifications. Machson and Eliasberg also reserved an easement in the conduit for the purpose of draining certain lands retained by them, shown on the plat as "commercial". Plaintiffs further contend that the flow of water has been changed, as a result of the construction of the streets, conduit and spillway, in a manner which would never have occurred except for the dedication of the streets by Machson and Eliasberg and their warranty set forth in the plat that the streets would be constructed in accordance with the grades specified therein and by further construction of the conduit at the demand of Machson and Eliasberg, in accordance with specifications set forth by them, and under their direction. According to the affidavits submitted by the other defendants in this case, Machson and Eliasberg never relinquished the control of the streets and the conduit unconditionally.
The Board of Education case is distinguished in this respect in the case of Wenzel v. Duncan, 175 Misc. 554, 24 N.Y.S. 2d 192, affirmed 261 App.Div. 1003, 26 N.Y.S.2d 616. There the appellate court stated that while at common law it is the general rule that the owner of land ceases to be liable in negligence for its condition when the premises pass out of his control before the injuries result, this is not the general rule in the case of nuisance. The appellate court, citing the Board of Education case as an example, then went on to state that it was not unmindful of the cases holding that where one who has created a nuisance on his own premises parts with control thereof under circumstances from which the inference may not be drawn that he authorized its continuance or profited therefrom, responsibility may cease. Here Machson and Eliasberg were the original developers of the whole tract. They provided for the laying out of the lots and the streets, stipulating the grades therefor. They demanded and supervised, according to affidavits of plaintiffs and other defendants, the construction of the concrete conduit in its present location. They reserved the right to use the conduit themselves and are now using it. Under these circumstances I am of the opinion that this issue should be determined by the trier of the facts and not disposed of under a proceeding for summary judgment.
The motion for summary judgment will be dismissed.
An appropriate order will be signed, on notice, in accordance with this opinion.