FRED C. HANSEL et al., Plaintiffs, *v.* ROXY GIAN-FRANCHESCHI et al., Defendants.

Supreme Court, Special Term, Herkimer County, October 10, 1955.

1030

*Kernan & Kernan* for Sunset Lumber Company, Inc., defendant.

*Fred J. O'Donnell* for plaintiffs.

DEL VECCHIO, J. This is a motion pursuant to rule 106 to dismiss the complaint against the defendant Sunset Lumber Company, Inc., upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint, in this personal injury action, alleges that the individual defendants are owners of property, purchased from defendant Sunset Lumber Company, located on the north side of West Main Street in the village of Ilion and immediately adjacent on the east to land owned and occupied by Sunset Lumber; that, at the time of the purchase, all of the defendants contemplated the erection of a super market and shopping center upon the property transferred; that the individual defendants erected the proposed building and also constructed

a concrete sidewalk " upon and over the public sidewalk " in front of the premises and in the area north of the public sidewalk, leading to the doors of the stores in the super market and shopping center; that in so doing the individual defendants raised the grade of the public sidewalk and of the area extending between the public walk and the face of their building so that the concrete sidewalk was approximately five to six inches above the level of the adjacent land of defendant Sunset Lumber at the western boundary thereof; that defendant Sunset Lumber sold land to the individual defendants knowing the public nature of the building to be erected thereon but did not construct a sidewalk on the north side of Main Street; that the edge of the concrete sidewalk at the boundary line between the property of the individual defendants and Sunset Lumber was broken and jagged; that the above conditions were known to all the defendants for many months prior to the injury complained of; that on November 10, 1953, the plaintiff Anna Hansel was walking in a westerly direction on West Main Street along the public way in front of the premises of defendant Sunset Lumber intending to patronize a store at the super market of the individual defendants when, approaching the boundary line of defendants' properties, she observed an automobile parked upon the sidewalk and, turning to the north to enter the sidewalk of the individual defendants at a point a few feet from the face of the building, caught her foot upon the protruding and broken sidewalk at the boundary line, sustaining the injuries which gave rise to this action.

The negligence of the defendants is alleged in paragraph nine wherein it is stated that they neglected to maintain the sidewalk and land between the public way and individual defendants' building in a safe condition and carelessly permitted the edge of the sidewalk to remain projected five to six inches above the level of the surface and in a broken and cracked condition. It is also claimed that " the defendant " permitted a tenant of the building to park his automobile upon the public sidewalk at the boundary line of defendants' properties compelling pedestrians entering the super market to leave the public sidewalk and walk to the north nearer the face of the building.

This court is of the opinion that plaintiffs have failed, by the complaint summarized above, to state facts sufficient to allege a cause of action against Sunset Lumber Company, Inc., or to justify continuance of that party as a defendant in the present action.

Whatever may be the responsibility of the individual defendants for the alleged projecting broken, cracked and jagged condition of the edge of the concrete sidewalk, certainly no liability may be imposed upon defendant Sunset Lumber on account of that condition. The complaint expressly states that the sidewalk was constructed by the individual defendants upon their own property after transfer of the premises out of the corporate defendant. It complains that the corporate defendant *did not* " construct at any time a sidewalk or passageway for foot passengers, along the public way and along the public sidewalk on the north side of Main Street." Defendant Sunset Lumber Company neither constructed the sidewalk in question nor did it have any duty, after the construction thereof, to go upon the property it had sold to make repairs which may have appeared necessary. " One's liability in negligence for the condition of lands ceases when the premises pass out of one's control before injury results." (*Kilmer* v. *White,* 254 N. Y. 64, 69; *Trustees of Canandaigua* v. *Foster,* 156 N. Y. 354; *Wenzel* v. *Duncan,* 175 Misc. 554, affd. 261 App. Div. 1003.)

Nor do I think any liability may be imposed upon defendant Sunset Lumber Company for its failure, as alleged in the complaint, to construct a sidewalk along the public way on the north side of Main Street. Plaintiff has failed to point out, and this court has not discovered, any case decided in this jurisdiction which imposes upon a landowner an obligation to construct or install a sidewalk in the circumstances here presented. Certainly, there is no basis for concluding that the premises sold to the individual defendants in its undeveloped state was unsafe for the public use for which it was intended. Rather, it was the installation of the concrete walk *after* the transfer of title, and not the absence thereof, which gave rise to plaintiff's injury. It is that distinction which makes inapplicable the rule of *Junkermann* v. *Tilyou Realty Co.* (213 N. Y. 404).

As to the premises presently owned by the corporate defendant, adjacent to that upon which are located the shopping center and super market, there is nothing in the complaint alleging any actionable negligence by Sunset Lumber Company. Plaintiff's claim appears to be that the lumber company was under a duty to eliminate the six-inch elevation existing between the concrete sidewalk in front of the individual defendants' premises and its own property by constructing a sidewalk on its property at a grade equal to that of its neighbors'. There is nothing in the complaint to indicate that the condition of the lumber company's property, in and of itself, was unsafe. On the contrary,

it is clear that the danger, if any, which existed was occasioned by the six-inch change of grade effected by the individual defendants. The liability sought to be imposed upon the corporate defendant is not predicated upon any malfeasance by the lumber company; it is based exclusively upon a failure by the landowner to make alterations in its own property such as to conform it to changes accomplished upon adjoining premises. To permit plaintiff to proceed against the corporate defendant is to hold that one property owner, by his action, may impose new duties upon an adjacent property owner with regard to the maintenance of the latter's premises, for the breach of which a third party may recover. I know of no such rule of law in this jurisdiction.

The cases cited by plaintiff are distinguishable. (*Hynes* v. *New York Central R. R. Co.*, 231 N. Y. 229; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Bryan* v. *Hines,* 245 App. Div. 322; *Beck* v. *Carter,* 68 N. Y. 283.) Each of those cases involved conditions dangerous in themselves which existed on property of the defendant. They did not present situations, like that now before us, where the premises themselves were safe for public use and the danger, if any, was created solely by alterations in the adjoining property.

Plaintiffs have failed to state a cause of action against the defendant Sunset Lumber Company, Inc. Accordingly, the motion is granted and the complaint, as to the defendant dismissed.

Order accordingly.