■ CATHERINE FARRAGHER, Individually and as Administratrix of the Estate of JOHN C. FARRAGHER, Deceased, and as Guardian ad Litem of MARK T. FARRAGHER and Others, Infants, Respondent, v. DORA B. D. IDE et al., as Executors of JOHN J. IDE, Deceased, Appellants.— Order, entered December 4, 1964, denying defendants' motion to dismiss the complaint for legal insufficiency pursuant to CPLR 3211 (subd. [a]) unanimously affirmed, with $30 costs and disbursements to abide the event.  The New York rule with respect to the liability of a vendor of real property for personal injuries sustained subsequent to the transfer of title but allegedly due to pre-existing conditions is unclear (cf. *Kilmer* v. *White,* 254 N. Y. 64; Restatement, Torts, § 352; but see *Pharm* v. *Lituchy,* 283 N. Y. 130 and cases cited in Restatement, Second, Torts, § 353, p. 121 [Tentative Draft No. 5, April 8, 1960]).  In the light of this uncertainty and the absence of any facts to establish the time required to install automatic sprinklers, none of the questions should be resolved on the pleadings alone

without a trial record. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.