■ JULIUS LEVINE et al., Respondents, v 465 WEST END AVENUE ASSOCIATES et al., Respondents, and SAAB MANAGEMENT Co. et al., Appellants. — Order of the Supreme Court, New York County (H. R. Williams, J.), entered December 3, 1982, which denied the motion of the defendants-appellants, Saab Management Co., Rosebud Realty, Jack Feldman, Bernard Feldman and Mae Shapiro, for summary judgment dismissing the complaint and the cross complaint by the codefendant, 465 West End Avenue Associates (Associates), and which granted the cross motion of Associates to the extent of directing appellants to appear for an examination before trial and to produce relevant documents in this personal injury action, reversed, on the law, without costs, and the motion for summary judgment granted dismissing the complaint and the cross complaint and the cross motion denied as academic. The plaintiff was struck by falling plaster from the ceiling in his apartment and sued both the appellants and Associates. It seems that the appellants were the previous owners of the property. The plaintiff was injured on March 16, 1980. The appellants, the previous owners, had sold and delivered the deed to Associates on November 3, 1978, being some 16½ months prior to the accident. It is contended that the condition or defect, of which plaintiff complains, had existed during the period

of ownership by appellants and that promises had been made to make the repairs and that Associates did not have a reasonable opportunity to discover the condition and to make the necessary repairs. However, it is clear that Associates was informed of whatever defect there may have been and had sufficient time for whatever may have needed to be done. Accordingly, the premises having passed out of their control, the appellants' liability, if any, as the landlord, ceased. (*Kilmer v White,* 254 NY 64; see *Pharm v Lituchy,* 283 NY 130, 132.) Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Lynch, JJ.