■ BARBARA COLUNI, Individually and as Parent and Natural Guardian of KELLY COLUNI, an Infant, Appellant, v NORTHEAST ROLLER SKATING INDUSTRIES, LTD., Doing Business as ELECTRIC SKATE PALACE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered July 12, 1982 in Montgomery County, which granted defendant's motion for summary judgment. The infant plaintiff, Kelly Coluni, was injured when she fell while roller skating at a rink operated by defendant. Plaintiff's complaint and her

mother's derivative cause of action allege that the injuries sustained by the infant were the result of: "(1) disorientation the infant experienced from the flashing strobe light and sound system used by defendant at the rink; (2) the failure of defendant to warn patrons of tender years of the inherent danger of strobe lights and the sound system and their effect on a person affected by epilepsy from which malady the infant suffered; (3) failure of defendant to supervise patrons; (4) failure of defendant to fix and enforce age limitations on the use of the premises; (5) failure of defendant to promulgate health limitations on use of the premises." Defendant moved for summary judgment on the ground that there is no basis in law to infer that it violated a duty of care owing to plaintiff. Appended to the moving papers are reports from the infant's treating physician which indicate that despite her malady, roller skating was an approved activity and, also, that, according to her physician, "plaintiff never showed any sensitivity of her seizure disorder to photic stimulation". Plaintiff's answering papers consisted of counsel's affidavit which restates the conclusory allegations of the complaint. There is no factual evidence supplied either by way of affidavits or otherwise which would support the thrust of any allegations of the complaint. Plaintiff has thus failed to come forward and demonstrate the existence of a triable question of fact. The statements of plaintiff's own physician reliably foreclose the theory on which plaintiff seeks to recover. No other legitimate basis for recovery has been offered. Although summary judgment is a drastic remedy and there is considerable reluctance to grant it in negligence actions, the motion should be granted if upon all the papers and proof submitted the defense shall be established sufficiently to warrant a judgment as a matter of law. Plaintiff has failed to raise a genuine question of fact and the grant of summary judgment to defendant was properly made (*Quinlan v Cecchini*, 41 NY2d 686; *Basso v Miller*, 40 NY2d 233). Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.