■ CAROL MARICLE, Appellant, v FLORENCE MICK, Respondent. — Weiss, J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered July 20, 1984 in Chemung County, which granted defendant's motion for summary judgment dismissing the complaint.

Is a landlord who leaves the rear door to a two-family dwelling house open and unlocked liable to a tenant who is injured by burglars? We think factual issues have been raised which require determination by a jury and, accordingly, reverse the dismissal of the complaint upon defendant's summary judgment motion.

The facts are relatively uncontested. Plaintiff is a tenant in the downstairs apartment rented from defendant, the landlord who resided upstairs. Access to each apartment was generally gained through separate front doors. There was a common hallway in the rear of the building containing separate doors to

each apartment, with a door to the exterior which defendant neither locked nor kept closed. Defendant had a dog which she usually kept on a long chain enabling it to go in and out of the rear hallway through the open door. Plaintiff contends that defendant, who worked at the Elmira Psychiatric Center from 4:00 P.M. to 12:30 A.M., asked her to "watch her apartment while she was away at work" and generally "keep an eye on things". At approximately 10:00 P.M. on March 23, 1983, plaintiff, after taking the dog from the rear of the building into defendant's interior front hallway, heard the sound of glass breaking in defendant's apartment and proceeded up the stairs in the rear hallway. As two unidentified males came out of defendant's apartment, plaintiff was forcefully pushed down the stairs, causing her to fall and sustain serious personal injuries. Following pleadings and discovery, defendant's motion for summary judgment dismissing the complaint was granted by Special Term, giving rise to this appeal.

The duty of owners and those occupying land has been redefined in the seminal case of *Basso v Miller* (40 NY2d 233), in which the Court of Appeals established the "single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability" (*supra,* at p 241). The issue in this case is whether the duty of a public landlord to protect tenants against injury from criminal activity (*see, Miller v State of New York,* 62 NY2d 506) should be extended to include imposition of the same responsibility to a private landlord. We believe factual questions have been raised which preclude dismissal as a matter of law and require, instead, determination by a jury.

The traditional role of the courts to examine the facts in each particular case triggers consideration of whether the foreseeability of risk from a criminal to the safety of the occupant is either remote or likely, and whether the burden to protect against the risk is unreasonable (*see, Quinlan v Cecchini,* 41 NY2d 686, 689). "As in all such cases, '[t]he range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury' " (*supra, quoting Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 345). Examination of the facts presented by the parties shows that the rear door was knowingly and intentionally left open by defendant who, according to plaintiff, had asked plaintiff to "watch her apartment while she was away at work" and "keep an eye on things". Plaintiff alleged that there had been at least one previous theft and that she had warned defendant of potential intruders. Moreover, as the result of a robbery at her employment,

1050

defendant's address was disclosed to the thief who, it is believed, thereafter attempted a burglary at her residence.

Under these circumstances a jury could reasonably infer that the previous criminal incidents on the premises made the assault foreseeable and that such risk outweighed the simple act of closing and locking the rear door. A jury could further infer that it was foreseeable that plaintiff would be injured by a criminal intruder gaining entrance through the open, unlocked door (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Since varying inferences are possible, a question for the jury clearly exists precluding summary judgment (*see, Quinlan v Cecchini,* 41 NY2d 686, 689, *supra; see also, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517; *cf. Santiago v New York City Housing Auth.,* 101 AD2d 735; *Coluni v Northeast Roller Skating Indus.,* 94 AD2d 824, *lv denied* 59 NY2d 607).

Order reversed, on the law, with costs, and motion denied. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.