■ CLARA J. BARAN, Respondent, v CURTISS WRIGHT CORPORATION, Appellant.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: Plaintiff brought this action against the former owner of a table saw to recover damages for injuries she received while operating the saw for her employer. Defendant moved for summary judgment in its favor and Special Term denied the motion. We reverse and dismiss the complaint.

In support of the motion, defendant submitted uncontroverted proof that in 1946 at the end of World War II it sold two table saws to plaintiff's employer as surplus equipment, and that it was not in the business of manufacturing or selling table saws. When sold, the two saws were in excellent condition. One was equipped with a shell guard and the other was not. Shortly after he purchased the saws and before they were put into use, the purchaser replaced the missing guard on one saw. Years later, in 1974, the purchaser modified the saws by placing a hinge table over the saw blades necessitating the removal of the shell guards. Plaintiff was injured when her hand came into contact with the blade of one of the saws.

The cause of action for breach of warranty should have been dismissed as time barred (*Doyle v Happy Tumbler Wash-O-Mat*, 90 AD2d 366). The cause of action alleging strict products liability should also have been dismissed. We need not decide whether such liability extends to an occasional seller not engaged in the business of distributing the product (*see,* Restatement [Second] of Torts § 402 A comment f, at 350). In any event, a seller is not responsible in products liability where, as here, the purchaser makes a substantial modifica-

tion which causes the injury *(Robinson v Reed-Prentice Div.,* 49 NY2d 471). Finally, the negligence cause of action should have been dismissed because the fact that a guard was missing at the time of sale was not the proximate cause of the plaintiff's injuries. (Appeal from order of Supreme Court, Erie County, Cook, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Pine, JJ.