■ CAROLYN ESMAY, Respondent, v HEXAM GARDENS CONSTRUCTION COMPANY, INC., Appellant; NIAGARA MOHAWK POWER CORPORATION, Respondent, et al., Defendants. (And a Third-Party Action.)—Casey, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered January 18, 1985 in Schenectady County, which denied defendant Hexam Gardens Construction Company, Inc.'s motion for summary judgment dismissing the complaint and all cross claims asserted against it.

Plaintiff was injured when she allegedly fell on a sidewalk along Jay Street, located adjacent to the City of Schenectady's Center City complex. The instant lawsuit, sounding in negligence and nuisance, was commenced against defendant Hexam Gardens Construction Company, Inc. (hereinafter defendant) and several others, including the City. After discovery was conducted, defendant moved for summary judgment dismissing the complaint and all cross claims asserted against

it. In support of its motion, defendant submitted the affidavit of its president, treasurer and chief operating officer, Robert A. Lupe, who maintained that defendant neither owned nor otherwise constructed or controlled the sidewalk where plaintiff fell. Lupe's sworn testimony, taken at an examination before trial, was also submitted to establish that while defendant engaged in certain renovations at the Center City complex, this work was not performed in the vicinity of the Jay Street sidewalk. Additionally, pertinent portions of an examination before trial of the City's Street Facility Inspector were submitted, indicating that as owner of the Center City complex, the City would maintain the adjacent sidewalks. The lease agreement involving the Center City complex, between the City, as owner, and Robert A. Lupe and Amelia Lupe Owens, as lessees, was also included. In opposition, plaintiff submitted only an attorney's affidavit contending that questions of fact existed as to the effect of defendant's renovation work on the Jay Street sidewalk, and the responsibilities of defendant under the aforementioned lease. Special Term denied the motion and defendant's appeal ensued.

We reverse. In view of the evidence propounded by defendant, it was incumbent upon plaintiff to demonstrate an evidentiary basis for her complaint. Plaintiff's attorney's affidavit, made without personal knowledge of the facts, was patently insufficient for this purpose *(see, Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916) and purely speculative *(see, Dunn v Cohoes Mem. Hosp.,* 112 AD2d 620). That defendant performed renovations on the adjoining property does not, ipso facto, create an issue of fact as to its liability *(Blais v St. Mary's of Assumption R. C. Church,* 89 AD2d 653). Nor was defendant, a corporate entity, a party to the lease in question. In any event, the lease, by its terms, requires the owner to maintain the exterior of the Center City complex. We, therefore, conclude that plaintiff failed to present any evidentiary basis for her allegations of negligence against defendant. Since no genuine issue of fact has been raised, we must reverse and grant summary judgment in favor of defendant *(see, Coluni v Northeast Roller Skating Indus.,* 94 AD2d 824, *lv denied* 59 NY2d 607).

Order reversed, on the law, with costs, motion granted and complaint and all cross claims asserted against defendant Hexam Gardens Construction Company, Inc., dismissed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.