144

STERRY COPP et al., Respondents, v CORNING GLASS WORKS, Appellant.

Fourth Department, January 24, 1986

## APPEARANCES OF COUNSEL

*Sayles, Evans, Brayton, Palmer & Tifft (Edward Hoffman of* counsel), for appellant.

*Ziff, Weiermiller, Learned & Hayden (Carl Hayden of coun-* sel), for respondents.

### OPINION OF THE COURT

DENMAN, J.

Sterry Copp seeks to impose liability on his former employer, Corning Glass Works (Corning), for injuries he sustained when his arm became caught in a corrugating machine which his employer, Weyerhaeuser Corporation, had purchased from Corning five months prior to the accident. Special Term granted defendant's motion to dismiss causes of action for strict products liability and breach of express and implied warranties, but denied its motion with respect to the cause of action for negligent failure to warn. We conclude that defendant, as a matter of law, had no duty to warn plaintiff of the risk of operating this machine.

At the time of the accident in June 1979, Copp had been employed as the operator and assistant operator of this corrugator for 23 years. The machine makes corrugated paper out of plain paper by pulling plain paper at high speed under a small roller, over a large roller that heats the paper, then under a small roller and onto the next station. The plain paper fed into the machine is on large rolls. When the paper on one roll runs out, paper from another is glued on in order to maintain a continuous flow through the machine. Copp's injury occurred while a new roll of paper was being attached to the end of the last roll. As the seam of the paper went under the first roller and onto the preheater roller, the seam

popped. When Copp moved toward it in order to fasten the seam, he stubbed his toe on a steel grating that covers a trench running parallel to the machine to catch dripping water and paste. As he fell forward, his left hand was caught between the preheater roller and the small roller on the downstream side and his arm was drawn between the rollers up to his elbow. There were two large red emergency stop buttons within reach of the work station but Copp was unable to reach them because he was on his knees. Copp testified that no modification had been made to the machine during the time it was owned by Corning or since its purchase by Weyerhaeuser five months previously.

Although the theory on which the case had proceeded was that plaintiff's injury was caused by lack of adequate guards and shutoff buttons on the corrugator together with Corning's failure to warn him of those alleged defects, Special Term granted plaintiff's motion to amend his complaint to assert the additional claim that plaintiff's injury was caused by an unsafe workplace resulting from a defect in the floor and from defendant's failure to warn of that defect.

Defendant, successor to the original purchaser of the corrugating machine, had no part in its design or manufacture and had made no modifications which increased the risk of injury *(cf. Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471; *Baran v Curtiss Wright Corp.,* 115 AD2d 252). Liability cannot be predicated on the failure of plaintiff's former employer, a casual seller of the machine, to warn plaintiff of the danger in using this machine. A casual seller has a duty to warn expected users only of latent defects, not of obvious or readily discernible dangers *(Rosebrock v General Elec. Co.,* 236 NY 227, 238; *Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 64-65; Restatement [Second] of Torts § 388). Although the distinction between latent and patent defects was eliminated in *Micallef v Miehle Co.* (39 NY2d 376, 385), the principle enunciated therein should not be applied to a casual sale. An occasional seller, unlike a manufacturer or distributor, is not in a position to insure the safe design or manufacture of a product or to create the economic pressure necessary to insure product safety. Because he is not part of the commercial network, the occasional seller is unable to absorb or distribute the economic burden of insuring product safety or the risk of failing to do so *(see,* Prosser and Keeton, Torts § 98 [5th ed]).

Plaintiff's reliance on *Schumacher v Richards Shear Co.* (59

NY2d 239) is misplaced. In *Schumacher,* the court held that there was a question of fact precluding summary judgment as to whether defendant had a duty to warn plaintiff of the risk involved in operating the machine in question without a safety guard. There, however, defendant had purchased all of the assets of the manufacturer of the machine, held itself out to plaintiff's employer as having expertise in the product line which it acquired from the manufacturer, sent a serviceman to inspect and service the machine, and offered to provide replacement parts. The court found that, because of these contacts and because of (p 249) "the potential economic advantage", it might be established at trial that a duty to warn arose out of this relationship. Here, however, Corning is not the successor to the manufacturer of the corrugator but successor to the initial purchaser and the predecessor of plaintiff's employer, the present owner of the machine. Additionally, there is no indication that after defendant sold its plant to plaintiff's employer, it maintained any contact with Copp or Weyerhaeuser so as to give rise to a continuing duty to warn *(cf. Schumacher v Richards Shear Co., supra,* pp 248-249).

▉ Plaintiff's attempt to impose liability on defendant for an alleged defect in the floor and for failure to warn of such defect must also fail. An employer and the owner of a place of employment have a duty to provide employees with a reasonably safe workplace (Labor Law § 200). Defendant is neither plaintiff's employer nor the owner of the workplace, having sold the packaging plant and its contents to Weyerhaeuser five months before the accident. In order for liability to attach to Corning as vendor of the premises, it would have to be shown that Corning concealed the existence of a defect or that insufficient time had elapsed to permit Weyerhaeuser to remedy the defect *(see, Pharm v Lituchy,* 283 NY 130; *Kilmer v White,* 254 NY 64; *Levine v 465 W. End Ave. Assoc.,* 93 AD2d 735; *Farragher v City of New York,* 26 AD2d 494, *affd* 21 NY2d 756; *see generally,* 62 NY Jur, Vendor and Purchaser, § 95). There is no contention that defendant concealed the obvious condition of the floor of the premises or that five months was insufficient time for Weyerhaeuser to rectify whatever defect existed.

Accordingly, defendant's motion to dismiss should be granted in its entirety.

DILLON, P. J., BOOMER, GREEN and O'DONNELL, JJ., concur.

Order unanimously reversed, on the law, without costs, and motion granted.