■ ALICE M. GOVEL et al., Plaintiffs, v PIETRO LIO et al., Defendants and Third-Party Plaintiffs. CITY OF SCHENECTADY, Third-Party Defendant and Fourth-Party Plaintiff-Respondent; LAURA SERVIDONE, Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendants. (Action No. 1.) ALICE M. GOVEL et al., Respondents, v LAURA SERVIDONE, Appellant. (Action No. 2.) (And Another Related Action.)—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered July 31, 1985 in Schenectady County, which denied a motion by Laura Servidone for summary judgment dismissing the fourth-party complaint in action No. 1, the complaint in action No. 2, and all cross claims and counterclaims against Servidone in action No. 1.

Plaintiff Alice M. Govel (hereinafter plaintiff) was injured in a fall on a sidewalk abutting premises known as 901-903 Cutler Street located in the City of Schenectady. Plaintiffs sued the property owners who impleaded third-party defendant, City of Schenectady, who in turn impleaded, among others, fourth-party defendant Laura Servidone, a prior owner of the premises. Plaintiffs also commenced a separate action against Servidone. Servidone moved for summary judgment dismissing the fourth-party complaint in action No. 1, the complaint in action No. 2, and all cross claims and counterclaims asserted against her in action No. 1. It is Servidone's contention that she is not legally liable for plaintiff's injuries as she is no longer the title owner of the premises nor does she exercise any control over the premises.

Special Term denied Servidone's summary judgment motion, finding that driveways were constructed by Servidone's late husband over the sidewalk where plaintiff fell, that the use of a sidewalk for a driveway constituted a special benefit to the premises and that Servidone could be found liable for injuries sustained as a result of the improper construction of the driveways. Based on these facts, the court concluded that

issues of fact existed as to the question of Servidone's liability for plaintiff's injuries. Servidone appeals.

To obtain summary judgment, the movant must establish a defense sufficient to warrant the court, as a matter of law, in directing judgment in the movant's favor (CPLR 3212 [b]) and the movant must do so by tender of proof in admissible form *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). In the instant case, it is unchallenged that Servidone has not owned the premises since 1958. She has not held title to the premises or been in possession of the premises since that date. The driveways constructed by Servidone's late husband were placed on the premises before any sidewalks were installed. One driveway is higher than the other. In 1976, the City of Schenectady blacktopped the driveways, adding 1½ inches to their height. Plaintiff fell at a point between the division of the sidewalk and one of the driveways leading to garages located on the premises. The present owners are the original defendants in action No. 1.

Given these facts, it is clear that Special Term's denial of summary judgment must be reversed. Control is the test which generally measures the responsibility in tort of the owner of real property for defects relating to it *(Roark v Hunting,* 24 NY2d 470; *Kurek v Port Chester Hous. Auth.,* 18 NY2d 450). The duty to maintain the property falls on the successor-in-title in possession *(see, D'Ambrosio v City of New York,* 55 NY2d 454; *Levine v 465 W. End Ave. Assoc.,* 93 AD2d 735). In the instant case, title and control were totally surrendered by Servidone prior to plaintiff's fall on the sidewalk. Therefore, Servidone cannot be held responsible for injuries incurred by plaintiff as a result of defects caused by driveways running through a public walkway. The condition of the driveway was a perfectly obvious one and any responsibility for its maintenance reposes on those in control thereof. The preexisting driveways did not constitute a special use of the sidewalk *(see, Mills v City of New York,* 189 Misc 291).

Order reversed, on the law, with costs, motion granted and summary judgment awarded to Laura Servidone dismissing the fourth-party complaint in action No. 1, the complaint in action No. 2 and all cross claims and counterclaims against her in action No. 1. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.