■ RICHARD FRANCESCHI, SR., et al., Respondents, v CONSOLIDATED RAIL CORPORATION, Respondent, and DON MILLIOUS, INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered June 4, 1987 in Columbia County, which denied defendant Don Millious, Inc.'s motion for summary judgment dismissing the complaint against it and the cross claim of defendant Consolidated Rail Corporation.

On January 5, 1984 at about 7:30 A.M., plaintiff Richard Franceschi, Sr. (hereinafter plaintiff), an employee for Anchor Motor Freight, Inc., was at the Selkirk truck terminal in the Town of Bethlehem, Albany County, when he twisted his right ankle while descending from the cab of his truck. Allegedly, he stepped on an object which he described as a rock or large boulder. An affidavit of a police officer employed by defendant Consolidated Rail Corporation, the owner of the terminal, stated that plaintiff's supervisor told him that plaintiff had stepped on a piece of blacktop or macadam, 8 to 10 inches in diameter. A January 12, 1984 report of plaintiff's doctor states that plaintiff's ankle injury occurred when he stepped onto a large piece of salt used to salt the yard where plaintiff's truck came to a stop. Plaintiff also alleges that a snowstorm had just ended when the accident occurred, and that he observed vehicles of defendant Don Millious, Inc., spreading salt or sand at the terminal. Millious, pursuant to contract, had agreed to indemnify Consolidated Rail for any damages due to personal injuries arising out of its plowing and salting operations and not due solely to Consolidated Rail's negligence.

In June 1984 plaintiff and his wife commenced this action against Consolidated Rail and Millious, alleging that defendants created a dangerous condition by negligently leaving rocks and other debris at the terminal as a result of their plowing and sanding operations. Both defendants denied the allegations, asserted that plaintiff was contributorily negligent and cross-claimed for indemnification or contribution. Millious then moved for summary judgment dismissing the complaint against it as well as Consolidated Rail's cross claim. Supreme Court denied the motion. This appeal by Millious ensued. We affirm.

As pointed out in Supreme Court's memorandum, Millious failed to offer conclusive evidence of the absence of any meritorious cause of action against it *(see, Hayes v Riccardi,* 97 AD2d 954; *Headwell v Sandler,* 46 AD2d 584). The proof offered by Millious merely showed that the object upon which plaintiff allegedly fell could not have passed through the spreading mechanism on the salter and sander utilized by Millious. The proof failed to show, for example, that the object which caused plaintiff's fall did not fall off the top grating or other protrusions on the spreading mechanism, that it was not otherwise negligently transferred from the area of the salt pile to the place of the accident, or that it was not dug up or ripped up by the negligent snowplowing operations prior to plaintiff's accident. Thus, Millious has failed to show that it was not responsible for the presence of the object at the time of the accident. Accordingly, its motion for summary judgment dismissing all claims against it was properly denied.

Order affirmed, with one bill of costs. Mahoney, P. J., Weiss and Mikoll, JJ., concur.

Casey and Harvey, JJ., dissent and vote to modify in a memorandum by Casey, J. Casey J. (dissenting). To counter Millious' motion for summary judgment, it was incumbent upon plaintiff to demonstrate, by legally acceptable evidence, how that defendant was negligent. Mere conclusory allegations will not suffice *(see, Lomnitz v Town of Woodbury,* 81 AD2d 828), nor should the burden of showing no meritorious cause of action be shifted to that defendant *(see, Ciaccio v Germin,* 138 AD2d 664). The order appealed from should be modified to grant Millious' motion to dismiss the complaint against it.