■ Martin E. Anable, Respondent, v Joseph Bollentin, Defendant, and James Marvel, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Keniry, J.), entered September 27, 1990 in Rensselaer County, which denied defendant James Marvel's motion for summary judgment dismissing the complaint against him.

Plaintiff was injured while driving defendant Joseph Bollentin's motorcycle in the driveway of property owned by defendant James Marvel (hereinafter defendant) in the City of Rensselaer, Rensselaer County. The driveway consisted of dirt and gravel and was overgrown by grass. Plaintiff fell off the motorcycle and sustained a broken leg.

Defendant moved for summary judgment dismissing the complaint against him. In denying the motion, Supreme Court found that plaintiff's deposition testimony reflected that the condition of the driveway may have been a factor in the happening of the accident and that, therefore, summary judgment was not appropriate. Defendant contends that summary judgment should have been granted to him because plaintiff

failed to show the existence of genuine factual issues or to explain why such evidence is not available.

In support of his motion, defendant supplied a sworn affidavit in which he averred that he never received any complaints about the condition of his driveway, that he regularly had the opportunity to observe it and he never personally observed any defects or hazardous conditions in the perimeter of the driveway. Pretrial testimony of Bollentin submitted on the motion indicated that plaintiff performed a "wheelie" on the motorcycle, that is, plaintiff stood up while riding the motorcycle, raising the front wheel and driving on the back wheel only. Bollentin stated that plaintiff fell off the motorcycle doing this maneuver, falling onto his left leg and breaking it. Plaintiff's pretrial testimony indicated, on the other hand, that he was standing while driving the motorcycle up the driveway, that it began to fishtail and its front wheel went up in the air, causing him to fall off the motorcycle and injure his left leg. Plaintiff stated that he did not hit any bumps, ruts or grooves before the wheel went up in the air, and he did not know what caused the motorcycle to lift up. Plaintiff denied attempting to do a "wheelie" maneuver.

The sole theory of liability asserted against defendant is that, as owner of the driveway, he was negligent in his maintenance of the driveway and in allowing a dangerous condition to exist which caused or contributed to the accident. A landowner owes those on his land the duty of keeping it in a reasonably safe condition (see, Basso v Miller, 40 NY2d 233). Under the principles set forth in Basso v Miller (supra), the dismissal of the complaint against defendant is warranted. Plaintiff has failed to establish that this fall was caused by some dangerous condition existing on defendant's property and that defendant had actual or constructive notice thereof. Plaintiff's conjecture that he might have been injured because of the condition of the driveway was not supported by any evidence in the record. Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat summary judgment (Alvord & Swift v Muller Constr. Co., 46 NY2d 276).

Mahoney, P. J., Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant James Marvel and complaint dismissed against said defendant.