MARIA TURRISI et al., Plaintiffs, v PONDEROSA, INC., Defendant and Third-Party Plaintiff-Respondent. McCLELLAN STREET ASSOCIATES, Third-Party Defendant-Appellant. (And Another Related Action.)—Crew III, J. 

Third-party defendant, McClellan Street Associates (hereinafter McClellan), owns a shopping center in Schenectady County and rents space to defendant, Ponderosa, Inc. On October 3, 1987, plaintiff Maria Turrisi (hereinafter Turrisi)

broke her hip as a result of a slip and fall in the parking lot of the shopping center after leaving Ponderosa. In September 1988, Turrisi and her husband commenced this negligence action against Ponderosa seeking damages for personal injuries. After issue was joined, Ponderosa commenced a third-party action against McClellan asserting claims for contribution and indemnification. Shortly thereafter, plaintiffs commenced a separate negligence action against McClellan. Ponderosa moved for summary judgment dismissing the complaint on the ground that it did not own, possess or control the parking lot area where Turrisi sustained her injuries. Supreme Court granted Ponderosa's motion and dismissed the complaint, thereby rendering the third-party action against McClellan moot. This appeal by McClellan ensued.

The threshold issue before the court is whether McClellan is an aggrieved party who has standing to prosecute this appeal. Generally, a party who has been successful below may not appeal a judgment in his favor. When, however, "a specific finding at trial might prejudice a party in a future proceeding by way of collateral estoppel * * * it seems clear that a substantial and important right of said party has been adversely affected and that the interests of justice require that said party be permitted to appeal the adverse finding" (*Lincoln v Austic,* 60 AD2d 487, 490, *lv denied* 44 NY2d 644). In the instant action, Supreme Court determined, as a matter of law, that Ponderosa did not own, possess or control the parking lot where Turrisi sustained her injuries; therefore, Ponderosa cannot be held liable for injuries sustained in the parking lot due to the dangerous or defective conditions claimed. It is evident that Supreme Court's determination would prejudice McClellan in any future action against Ponderosa for contribution or indemnification. McClellan, therefore, is a party who would be adversely affected if not permitted to prosecute this appeal. In view of the substantial and important right of McClellan to seek contribution and indemnification from Ponderosa, we find that McClellan has standing to prosecute this appeal *(see, supra).*

Turning to the merits, liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property. The existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care. Where none is present, a party cannot be held liable for injuries caused by the dangerous or defective condition of the property *(see, Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296-297, *lv denied, lv*

*dismissed* 73 NY2d 783). McClellan admits ownership of the parking lot and admits that maintenance of the lot is performed by another tenant. There is no dispute between the parties that special use is not applicable in this action. The issue to be resolved, therefore, is whether Ponderosa had possession or control of the parking lot where Turrisi sustained her injuries.

A review of the lease agreement between McClellan and Ponderosa reveals that McClellan agreed to maintain the common area in good repair, clean and clear of snow, ice, rubbish and debris, and to keep it properly striped and adequately lighted during normal business hours. Ponderosa's lease defines the phrase common area as all portions of the shopping center except those parts which are covered by buildings. Ponderosa's right to use the common area under the lease agreement is not exclusive, but rather shared with McClellan, patrons, repairmen and other tenants of the shopping center. The parking lot area of the shopping center was clearly a common area under the terms of the lease agreement. Ponderosa exercised no control over the parking lot which is evident by its inability to exclude others from this common area. Further, Ponderosa did not have a right of possession to the parking lot, but only a right to use it. Accordingly, we find, as a matter of law, that Ponderosa did not possess or control the parking lot area of the shopping center and cannot be held liable for injuries caused by the alleged dangerous condition of the property *(see, Shire v Ferdinando,* 161 AD2d 573, 574, *lv denied* 76 NY2d 713; *Balsam v Delma Eng'g Corp., supra; McGill v Caldors Inc.,* 135 AD2d 1041, 1043).

McClellan contends, nevertheless, that Ponderosa is liable for any defective condition resulting from the construction of the parking lot and exit area because they were constructed in accordance with its specifications. We disagree. It is clear that control is the test which generally measures the responsibility of the owner or occupant of real property for defects relating to it. Additionally, where a defective condition exists, the duty to maintain the property falls on the successor-in-title in possession *(see, Govel v Lio,* 120 AD2d 840, 841). Before the successor will be held liable, however, there must be a reasonable time to allow that entity an opportunity to discover the defective condition and to take corrective action *(see, Levine v 465 W. End Ave. Assocs.,* 93 AD2d 735, 736; *see generally, Balsam v Delma Eng'g Corp., supra,* at 297-298). Here McClellan and Ponderosa entered into their lease agreement in

September 1978. Turrisi sustained her injuries in October 1987. The parties do not dispute the fact that more than five years have lapsed since construction was completed on the parking lot. McClellan is the successor in interest and in possession of the parking lot. We find, therefore, as a matter of law, that a reasonable amount of time has passed to afford McClellan a reasonable opportunity to discover and correct any claimed defective conditions resulting from Ponderosa's building specifications (see, Govel v Lio, supra; Levine v 465 W. End Ave. Assocs., supra).

Mikoll, J. P., Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.