■ GERALD J. ANDRES, Respondent, v AMES DEPARTMENT STORE, INC., Appellant, and EAST GREENBUSH ASSOCIATES, Respondent, et al., Defendant. (And a Third-Party Action.)— Appeal from an order of the Supreme Court (Keniry, J.), entered October 17, 1991 in Rensselaer County, which, *inter alia,* denied defendant Ames Department Store, Inc.'s motion for summary judgment dismissing the complaint against it.

Even if it is accepted that defendant Ames Department Store, Inc. submitted enough proof to warrant summary judg-

ment in its favor (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965; cf., Franceschi v Consolidated Rail Corp., 142 AD2d 915), plaintiff, in our view, came forward with sufficient proof in evidentiary form to create a question of fact requiring a trial on the issue of whether Ames actually created the hazard causing plaintiff's injury (see, Zuckerman v City of New York, 49 NY2d 557; cf., McGill v Caldors, Inc., 135 AD2d 1041). Ames claimed that pretrial discovery failed to implicate it as the party responsible for the presence of the two-by-four board containing the nail on which plaintiff stepped and injured himself in the parking lot. Plaintiff, however, established that on the date of the accident employees of Ames had already begun the process of installing fixtures and stocking merchandise in preparation for the opening of Ames' new store. Plaintiff also submitted deposition testimony indicating that Ames received and disassembled wooden crates with nails in the vicinity of the accident prior to its occurrence. Under these circumstances, Supreme Court properly denied Ames' motion insofar as "arguable questions of fact exist" (see, Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534, 535). Ames' remaining contentions have been considered and rejected as unpreserved for review or lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with one bill of costs.