■ Silvia A. Zadarosni et al., Appellants, v F. & W. Restauranteurs of Southeast, Inc., Doing Business as S. W. Lauren's, et al., Respondents. (And a Third-Party Action.) [597 NYS2d 220] —Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered January 15, 1992 in Putnam County, which granted defendants' motions for summary judgment dismissing, *inter alia,* the complaint.

After eating dinner at a restaurant operated by defendant F. & W. Restauranteurs of Southeast, Inc. (hereinafter F & W) and owned by defendant Yankee Sand & Gravel, Inc. (hereinafter Yankee), plaintiff Silvia A. Zadarosni fell in an area

adjacent to the parking lot and sustained personal injuries. Plaintiffs' supplemental bill of particulars and the deposition testimony of plaintiff Jeffrey J. Zadarosni indicate that the fall occurred 3 to 5 feet from the shoulder of State Route 22 in the Town of Southeast, Putnam County. A survey map of the premises reveals that Yankee's property does not begin until at least seven feet from the edge of Route 22. In fact, the State owned the property where the accident occurred and, at the time, it was making repairs to the drainage line at that location. Defendants' motions for summary judgment dismissing, *inter alia,* the complaint were granted by Supreme Court. Plaintiffs appeal.

Unless there is a duty of care owed to the person injured, a party cannot be held liable in negligence *(see, Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296, *lv dismissed & lv denied* 73 NY2d 783). The duty of care owed by an owner or a tenant in possession is to keep the property in a reasonably safe condition *(see, Anable v Bollentin,* 175 AD2d 545, 546). "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of such premises" *(Balsam v Delma Eng'g Corp., supra,* at 296 [citations omitted]; *see, Turrisi v Ponderosa, Inc.,* 179 AD2d 956, 957).

Nothing that plaintiffs offered in opposition to the motions for summary judgment indicates that Yankee created the dangerous condition, owned or retained any control over the parking lot (much less the area owned by the State that was under repair) or had the authority to correct the condition. Consequently, summary judgment was properly awarded to Yankee *(see, James v Stark,* 183 AD2d 873; *Herzfeld v Incorporated Vil. of Cedarhurst,* 171 AD2d 647, 648). With respect to F & W, the lessee, the evidence indicates that under its lease F & W had neither the duty to maintain the parking lot, except to remove snow and ice (a circumstance not relevant here), nor any possessory rights to that area. As such, and given the fact that plaintiffs have failed to show that F & W had either created the dangerous condition or had control over the particular area where plaintiff fell, F & W cannot be held liable *(see, Turrisi v Ponderosa, Inc., supra,* at 958; *McGill v Caldors, Inc.,* 135 AD2d 1041, 1043; *see also, Shire v Ferdinando,* 161 AD2d 573, *lv denied* 76 NY2d 713). Furthermore, simply because F & W's customers used the parking lot does not create a duty to warn *(see, McGill v Caldors, Inc., supra,* at 1043). Plaintiffs essentially base their claim that defendants exercised possession and/or control over the premises on unsupported and conclusory statements, which are insufficient

to defeat defendants' motions for summary judgment *(see, Anable v Bollentin, supra,* at 546).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.