■ PEGGY WARREN, Respondent, v WILMORITE, INC., Defendant, and FAY'S INCORPORATED, Appellant-Respondent, and STOP & SHOP COMPANIES, INC., Respondent-Appellant. [621 NYS2d 184] —Peters, J. Appeal from an order of the Supreme Court (Lynch, J.), entered January 28, 1994 in Schenectady County, which denied a motion by defendant Fay's Incorporated for summary judgment dismissing the complaint and all cross claims against it and denied a cross motion by defendant Stop & Shop Companies, Inc. for summary judgment on its cross claim against defendant Fay's Incorporated.

On October 5, 1987, plaintiff allegedly tripped and fell on a piece of plywood while walking on a sidewalk at a shopping center known as Mohawk Mall, located in the Town of Niskayuna, Schenectady County. The sidewalk abutted the outside of a soon to be opened Fay's Drug Store owned and operated by defendant Fay's Incorporated (hereinafter Fay's). At the time of plaintiff's accident, there were two pertinent leases in effect. The first lease was executed in February 1980 between American Property Investors IX and defendant Stop & Shop Companies, Inc. whereby American Property leased a large portion of the mall, which included the buildings and common areas such as parking areas, roadways, sidewalks and curbs, to Stop & Shop subject to a cross-easement agreement. Such lease provided, *inter alia,* that Stop & Shop has the obligation to "keep reasonably free of snow, ice and debris, any and all roadways, parking areas, sidewalks and curbs" on the leased premises.

The second lease was a sublease dated July 1987 between Stop & Shop and Fay's in which Stop & Shop subleased to Fay's a portion of the premises it had leased from American Property, labeled as Store G, which consisted of approximately 34,200 square feet "measured from the exterior faces of exterior walls and from the center lines of party or partition walls". The sublease further obligated Fay's to pay 26% of all costs incurred by Stop & Shop for, *inter alia,* "policing and maintenance of the parking area, walks and ways". It further provided for indemnification for injury:

"(1) arising from or out of any occurrences within the Demised Premises without regard to the cause or claimed cause thereof whether such [injury] be due or claimed to be due to any negligence or other act or omission of [Stop & Shop] following the commencement of the term of this Sublease; or

"(2) by reason of the occupancy or use of the Demised Premises; or

"(3) occasioned wholly or in part by any act or omission of [Fay's] or breach of this Sublease by [Fay's]."

The demised premises formerly housed a Price Chopper supermarket. Fay's renovation plan was to place three separate stores within the premises, one of which would be a Fay's Drug Store. Substantial renovation work began in July 1987. The Fay's store opened for business on November 14, 1987.

Plaintiff commenced this personal injury action against defendant Wilmorite, Inc.,* Fay's and Stop & Shop. Stop & Shop interposed a cross claim against Fay's for indemnification and Fay's moved for summary judgment dismissing the complaint and all cross claims. Stop & Shop cross-moved for summary judgment on its cross claim against Fay's or, in the alternative, for summary judgment dismissing the complaint. Supreme Court denied both the motion and the cross motion. Fay's and Stop & Shop appeal.

Addressing Fay's motion for summary judgment, it is well established that liability for a dangerous condition on property is "generally predicated upon ownership, occupancy, control or special use of the property" *(Turrisi v Ponderosa, Inc., 179 AD2d 956, 957)*. Should none of these factors be present, liability cannot be imposed *(see, supra)*. Alternatively, liability may be imposed where a landowner or a lessee creates a defective or dangerous condition on the property *(see, Andres v Ames Dept. Store, 186 AD2d 328; McGill v Caldors, Inc., 135 AD2d 1041)* or when such party had actual or constructive notice of the allegedly dangerous condition *(see, Gordon v American Museum of Natural History, 67 NY2d 836; Lowrey v Cumberland Farms, 162 AD2d 777)*.

Based upon the record before us, we conclude that pursuant to the Fay's sublease, it had neither the duty to maintain nor exclusive possessory rights to the sidewalks and that control and possession of the sidewalk at issue remained with Stop & Shop *(see, Zandarosni v F. & W. Restauranteurs, 192 AD2d*

* The action has been discontinued against Wilmorite, Inc.

1051; *Turrisi v Ponderosa, Inc., supra; Lynch v Lom-Sur Co.,* 161 AD2d 885; *McGill v Caldors, Inc., supra).* It is further evident that the premises subleased by Fay's included only that "part of the store building for retail space" located inside the mall structure, not outdoor sidewalks or walkways as evidenced by the sublease description and its accompanying exhibit. The sublease provided that Fay's obligation with respect to maintenance was limited to a payment of the proportion of costs incurred by Stop & Shop. Hence, notwithstanding plaintiff's assertions that Fay's exercised possession and control over the sidewalk, which we find are unsupported by conclusory statements *(see, Zandarosni v F. & W. Restauranteurs, supra),* we find that Fay's has established, as a matter of law, that it did not possess or control the sidewalk upon which plaintiff allegedly fell. Even assuming that plaintiff could establish that the sidewalk was in Fay's possession and control, plaintiff has wholly failed to establish that Fay's had any actual or constructive notice of the allegedly dangerous condition *(see, Gordon v American Museum of Natural History, supra; Hoberman v Kids "R" Us,* 187 AD2d 187; *Torri v Big V,* 147 AD2d 743).

We find, however, that a question of fact exists as to whether the debris upon which plaintiff allegedly fell was from the demolition work being performed by Fay's contractors *(see, Andres v Ames Dept. Store, supra)* since liability may be imposed on an adjoining landowner or lessee if that individual creates the dangerous condition *(see, Zandarosni v F. & W. Restauranteurs, supra).* Evidence supporting such theory was the testimony of a Fay's employee, Henry Scharff, who supervised the renovation work. Notwithstanding Fay's assertions that the "aged plywood" would not have been used in its renovations, we find that in light of the extent of the renovation undertaken by Fay's which included the removal of existing interior walls, the duration of the work in relation to the time when plaintiff was allegedly injured, and Scharff's acknowledgment that the contractors regularly used an entrance to Fay's which abutted the sidewalk where the debris was located, warrants a finding that Fay's has failed to establish its entitlement to summary judgment as a matter of law *(cf., Esmay v Hexam Gardens Constr. Co.,* 115 AD2d 896).

As to Stop & Shop's cross motion for summary judgment, we find that Supreme Court properly denied Stop & Shop's cross motion for indemnification as it failed to establish the applicability thereof as a matter of law. Further, Stop & Shop is precluded from raising the insurance provisions of the sub-

lease as it failed to raise such issue in Supreme Court. Finally, as to Supreme Court's denial of Stop & Shop's cross motion to dismiss plaintiff's complaint due to plaintiff's failure to establish that Stop & Shop had notice of the allegedly dangerous condition, we find that Stop & Shop failed to sustain its burden of establishing entitlement to summary judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557) by the sole submission of an affidavit from counsel averring a lack of notice *(see, supra,* at 563; *see also, McGill v Caldors, Inc., supra,* at 1042).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.