■ THOMAS MORGAN, Respondent, v NEW YORK CONVENTION CENTER OPERATING CORPORATION, Respondent and Third-Party Plaintiff-Respondent. GEORGE LITTLE MANAGEMENT, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [647 NYS2d 3] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 17, 1995, which granted plaintiff's motion to amend the complaint to name third-party defendant-respondent as a direct defendant, and denied third-party defendant-respondent's cross motion for summary judgment dismissing all claims against it, unanimously affirmed, without costs.

Summary judgment in favor of third-party defendant-respondent is precluded by an issue of fact as to whether it cre-

ated the slippery condition on the loading dock on which plaintiff fell. This issue was raised by evidence that third-party defendant George Little was running the only active event at defendant Convention Center at the time of the accident, and had the right to use the loading dock (*see, Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297, *lv denied and dismissed* 73 NY2d 783; *Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051). We perceive no prejudice or surprise warranting disallowance of a direct claim by plaintiff against third-party defendant. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.