■ NEW PINES, INC., et al., Respondents, v NORTH RIVER INSURANCE COMPANY, Appellant. [649 NYS2d 250] —White, J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 6, 1995 in Sullivan County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

Sometime prior to February 5, 1993, the Detective Endowment Association, Inc. (hereinafter DEA) booked a number of rooms for its members at plaintiffs' resort hotel located in the Town of Fallsburg, Sullivan County. As part of the booking, plaintiffs purchased ski lift tickets for the Davos Ski Resort (hereinafter Davos) located in the nearby Village of Woodridge, Sullivan County, and gave them to DEA members. Plaintiffs also provided lunch and round trip transportation to DEA members who skied at Davos. On February 5, 1993, Nicole Mongello, a DEA member staying at plaintiffs' hotel, was fatally injured while skiing at Davos. Thereafter, in April 1994, a wrongful death action was commenced against plaintiffs by the administrator of Mongello's estate. Plaintiffs immediately forwarded the summons and complaint to defendant, its liability insurer, which promptly disclaimed coverage on the

---

grounds that plaintiffs had failed to notify it of Mongello's accident "as soon as practicable" and that the allegations of the complaint fell within the exclusionary language of the commercial general liability policy it had issued to plaintiffs.

Plaintiffs then commenced this action for a judgment declaring that defendant is obligated to defend and indemnify them. Subsequently, both parties moved for summary judgment. Supreme Court granted plaintiffs' motion and denied defendants' cross motion, thereby prompting this appeal.

The requirement that an insured notify its liability insurer of a potential claim "as soon as practicable" operates as a condition precedent to coverage (see, White v City of New York, 81 NY2d 955, 957). An insured's failure to give timely notice will be excused if it can show that it had a reasonable belief in its nonliability provided that notice of the occurrence was given "as soon as practicable" after the insured received notice that a claim would, in fact, be made (see, D'Aloia v Travelers Ins. Co., 85 NY2d 825, 826; Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 441).

In this instance, we can conclude, as a matter of law, that plaintiffs had a reasonable belief in nonliability since the Mongello accident took place on property they did not own, occupy, control or make special use of (see, Warren v Wilmorite, Inc., 211 AD2d 904, 905). Thus, Supreme Court properly rejected defendant's argument that plaintiffs failed to give timely notice (see, Vradenburg v Prudential Prop. & Cas. Ins. Co., 212 AD2d 913, 914).

To negate coverage by virtue of an exclusion, an insurer is required to establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation and applies in the particular case (see, Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652). The exclusionary language defendant relies on reads in relevant part: "this insurance does not apply to 'bodily injury' to any person * * * participating in any winter sports, or winter athletic activities * * * on your premises; or any winter sports or winter athletic activities * * * that you sponsor." The parties agree that this exclusion applies only if plaintiffs sponsored the ski trip during which Mongello was fatally injured.

Defendant maintains that plaintiffs sponsored the trip because they paid for the lift tickets and provided round-trip transportation, along with lunch, to its guests who skied at Davos. Plaintiffs, on the other hand, contend they did not sponsor the trip because they did not pay any money to have their business advertised or promoted in connection with the ski trip.

As either of these constructions fits within the meaning of the word "sponsor", we find that defendant did not meet its heavy burden of showing that the exclusion applies to this case and is subject to no other reasonable interpretation. Accordingly, it is obligated to provide a defense to plaintiffs in the Mongello action.

Cardona, P. J., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.