■ Joseph Wlasiuk, Appellant, v Lynn Olmsted et al., Respondents. [650 NYS2d 63] —Cardona, P. J. Appeal from an order of the Supreme Court (Mugglin, J.), entered December 5, 1995 in Delaware County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured when he fell off a moped which he was operating in defendants' driveway. He commenced an action for personal injuries alleging that defendants were negligent in the maintenance of the driveway. After joinder of issue and the completion of discovery, defendants moved for summary judgment. Supreme Court granted the motion and plaintiff appeals.

Plaintiff contends that Supreme Court erred in dismissing the complaint because a question of fact exists as to whether a stone in defendants' driveway caused plaintiff to fall from his moped. Defendants' driveway was unimproved, consisting of bare ground, grass and loose stones. During his examination before trial, plaintiff stated that he had been a frequent visitor to defendants' home. He stated that on the date he was injured, he was leaving defendants' home traveling down the driveway when his moped "just flipped". Although plaintiff initially stated that his moped hit a stone, he later admitted that he did not see anything in the driveway which caused his moped to flip and that he did not notice any unusually large stones. No other evidence was adduced as to the cause of plaintiff's accident.

In view of the above, we find that there is no proof in the record to support plaintiff's assertion that defendants' negligent maintenance of the driveway, specifically their allowing loose stones to accumulate in the driveway, caused his moped to flip and his resulting injuries. "Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat summary judgment" (*Anable v Bollentin*, 175 AD2d 545, 546). Accordingly, Supreme Court's grant of summary judgment dismissing plaintiff's complaint was proper.

Mercure, White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.