■ JOAN KISELIS, Respondent, v SPECULATOR CHAMBER OF COMMERCE, Appellant, et al., Defendant. (And a Third-Party Action.) [650 NYS2d 58] —Carpinello, J. Appeal from an order of the Supreme Court (Best, J.), entered October 6, 1995 in Montgomery County, which, *inter alia*, denied a motion by defendant Speculator Chamber of Commerce for summary judgment dismissing the complaint against it.

On July 14, 1990, plaintiff fell while exiting the women's room in a firehouse occupied by defendant Speculator Volunteer Fire Department. Plaintiff had attended a flea market that was sponsored by defendant Speculator Chamber of Commerce. The flea market was held at an adjacent ballfield owned by the Village of Speculator in Hamilton County. There were no restroom facilities at the ballfield and patrons of the flea

market used the restrooms in the firehouse, which were open to the public 24 hours a day. Plaintiff commenced this action containing claims against the Fire Department and the Chamber of Commerce. Both defendants moved for summary judgment. Supreme Court granted the Fire Department's motion on the ground that plaintiff had not filed a timely notice of claim in accordance with General Municipal Law § 50-i. Supreme Court denied the Chamber of Commerce's motion, however, finding that a material question of fact existed as to the Chamber of Commerce's control and use of the property where plaintiff fell. The Chamber of Commerce appeals.

Unless a duty of care is owed to the injured person, a party cannot be held liable in negligence (see, Zadarosni v F. & W. Restauranteurs, 192 AD2d 1051, 1052; Balsam v Delma Eng'g Corp., 139 AD2d 292, 296, lv dismissed, lv denied 73 NY2d 783). Liability for a dangerous condition on real property is premised upon ownership, occupancy, control or special use of the property (see, Warren v Wilmorite, Inc., 211 AD2d 904, 905; Zadarosni v F. & W. Restauranteurs, supra, at 1052; Turner v Federated Dept. Stores, 182 AD2d 815).

In this case, it is undisputed that the property where plaintiff fell was owned by the Village and not by the Chamber of Commerce. The president of the Chamber of Commerce testified at her examination before trial that the Chamber of Commerce had not made any arrangements with the Fire Department for the use of the restrooms during the flea market since they were open to the public at all times. She additionally executed an affidavit to the effect that no activities connected with the flea market were conducted in or around the firehouse. The Chamber of Commerce also produced a copy of the maintenance contract between the Village and the Fire Department, which provided that the Village was responsible for upkeep and maintenance of the firehouse, including the restrooms, and that the Fire Department controlled all functions that were held in the firehouse. Based upon this documentary evidence, we find that the Chamber of Commerce satisfied its burden of demonstrating by proof in an evidentiary form the absence of a question of fact regarding the Chamber of Commerce's lack of use or control of the firehouse and the surrounding premises (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 396, 404; Moskowitz v Garlock, 23 AD2d 943, 944).

In response, plaintiff was obligated to lay bare her proof showing the existence of a bona fide factual issue requiring a

trial (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967; *Hagerman v State St. Realty*, 205 AD2d 964, 965; *Cohen v City of New York*, 128 AD2d 748, 749). The affirmation of plaintiff's attorney, which did not challenge the proof submitted by the Chamber of Commerce on the issue of control, was patently insufficient to achieve this purpose (*see, McGill v Caldors, Inc.*, 135 AD2d 1041, 1043; *see also, Warren v Wilmorite, Inc.*, 211 AD2d 904, 907, *supra*; *Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051, 1052-1053, *supra*). Even assuming that plaintiff could establish the Chamber of Commerce's control of the property surrounding the firehouse, there is absolutely no evidence in the record that the Chamber of Commerce created the allegedly dangerous condition or had actual or constructive notice of it (*see, Warren v Wilmorite, Inc.*, *supra*, at 906; *McGill v Caldors, Inc.*, *supra*, at 1043).

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Speculator Chamber of Commerce; motion granted, summary judgment awarded to said defendant and complaint and all related cross claims dismissed against it; and, as so modified, affirmed.