(January 22, 1999)

■ ANITA M. BRIDGHAM et al., Respondents, v FAIRVIEW PLAZA, INC., Defendant, and KEY BANK OF NEW YORK, Appellant. [684 NYS2d 317] —Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 14, 1998 in Columbia County, which denied a motion by defendant Key Bank of

New York for summary judgment dismissing the complaint against it.

Plaintiff Anita M. Bridgham (hereinafter plaintiff) alleges that she sustained the injuries forming the basis for this action when she slipped and fell on an icy spot on a parking space adjacent to a branch office of defendant Key Bank of New York (hereinafter defendant) located in the Fairview Plaza shopping center (hereinafter the plaza) in the Town of Greenport, Columbia County. Defendant moved for summary judgment dismissing the complaint against it, supporting its motion with prima facie evidence that it neither possessed, controlled nor made special use of the parking spaces adjacent to its building. Because plaintiffs failed to counter defendant's evidentiary showing with competent evidence raising a genuine question of fact on the issue of defendant's liability, we are constrained to reverse Supreme Court's order and grant summary judgment in favor of defendant.

Initially, we conclude that neither the proffered site plan of the plaza nor the metes and bounds description of the premises leased by defendant competently establishes that the subject parking space was within the premises leased by defendant. In any event, the lease between defendant and the plaza provides that all plaza parking spaces, including those within the leased premises, were to "be available for the common use of all [p]laza tenants and/or the non-exclusive right of [defendant] for parking of [defendant's] vehicles and those of [defendant's] customers and visitors" and, in fact, that the entire parking area was to "be maintained as an open unit with no part or portion thereof fenced or barricaded or separated in any manner whatever * * * affording * * * freedom of movement at all times to and from any part thereof". The lease also provided that the plaza was to keep the entire plaza parking area, including the leased premises, "reasonably free from snow, ice, refuse and obstructions". Under the circumstances, we agree with defendant that the entire parking lot, including the parking spaces adjacent to the bank building, "was clearly a common area under the terms of the lease agreement" (*Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 958), that the bank neither exercised control over the parking lot nor had a right to possession of it (*see, id.*, at 958; *Del Giacco v Noteworthy Co.*, 175 AD2d 516, 517) and that, as a consequence, it owed no duty of care with respect to any unsafe condition existing therein (*see, Masterson v Knox*, 233 AD2d 549, 550; *Zadarosni v F. & W. Restauranteurs*, 192 AD2d 1051, 1052; *Turrisi v Ponderosa, Inc., supra*, at 958).

Plaintiffs' remaining contentions are also found to be unavailing. Notably, speculation that the bank may have created the dangerous condition by depositing snow in the parking space or by virtue of the fact that its walkway was more elevated than the parking lot is insufficient to create a genuine question of fact. Finally, a duty to warn of a dangerous condition does not arise merely by virtue of a customer's use of a common area (*see, Zadarosni v F. & W. Restauranteurs, supra,* at 1052; *McGill v Caldors, Inc.,* 135 AD2d 1041, 1043).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Key Bank of New York and complaint dismissed against it.