Lynch, J.
(dissenting). We respectfully dissent. A party is not liable for injuries caused by dangerous or defective conditions on property unless the party owns, occupies, controls or has special use of the property (see Giglio v Saratoga Care, Inc., 117 AD3d 1143, 1144 [2014]; Turrisi v Ponderosa, Inc., 179 AD2d 956, 957 [1992]). Here, although defendant K.C. Custom *1201 Framing, LLC (hereinafter defendant) primarily conducted business at a location across the street from 68 Weibel Avenue, it also occupied and, as relevant here, accepted deliveries at 68 Weibel Avenue. Plaintiff Billie Contreras (hereinafter plaintiff) fell in the open parking lot owned by third-party defendant and used by defendant and the other tenants in the 68 Weibel Avenue shop, their invitees and people visiting an adjacent golf course. One of defendant’s two owners testified at her examination before trial that, although there was no lease between them, third-party defendant provided snow and ice removal for 68 Weibel Avenue, including the parking lot, and defendant did not inspect, salt or sand the parking lot.
Now, and before Supreme Court, plaintiffs primarily cite the general rule that, even in the absence of a lease or specific agreement to maintain the property, “a tenant may be held liable for negligently allowing the demised premises to become dangerous” (Chadis v Grand Union Co., 158 AD2d 443, 444 [1990]). The plaintiff in Chadis was injured when he fell in a supermarket parking lot that was admittedly part of the demised premises (id. at 444). By comparison, plaintiffs have made no showing that the parking lot was included within defendant’s demised premises, notwithstanding the presence of a freestanding sign outside the entrance to the 68 Weibel Avenue shop, nor have plaintiffs demonstrated that defendant either had or exercised any right to control the parking lot adjacent to the demised premises (see Hoberman v Kids “R” Us, 187 AD2d 187, 190 [1993]). Absent any evidence of ownership, occupancy or control of the parking lot where plaintiff fell, we conclude that defendant did not owe a duty of care with respect to the allegedly dangerous condition, and Supreme Court should have granted defendant’s motion for summary judgment (see Bridgham v Fairview Plaza, 257 AD2d 914, 915 [1999]).
Egan Jr., J., concurs.
Ordered that the order is affirmed, with costs.